Kent, Ch. J.
delivered the opinion of the court. The lessors of the plaintiff claim as heirs at law of Joshua Hamlin, deceased, and the only question in the case is, whether his sons, Joshua and Ephraim, under whom the defendants hold, took, by virtue of his will, an estate in fee or for life. The' testator gave to his son David the farm he (David) then lived on, and he gave to his two sons, Joshua and Ephraim, the farm he, the testator, lived on, to be equally divided between them, and adds, “ the debts to be paid out of my estate that I shall die seised of.” As there are no apt ■words of limitation, the two. sons took only an estate for life, unless a fee is to be inferred by implication, by reason of the charge of the debts upon the estate.
The distinction which runs through the cases is, that where the charge is upon the estate, and there arc no words of limitation, the devisee takes only an estate for life; but where the charge is on the person of the devisee, in respect of the estate in his hands, he takes a fee, on the principle that he might otherwise be a loser. (Goodtitle v. Maddern, 4 East, 496. Doe v. Snelling, 5 East, 87. Moore v. Denn, 2 Bos, & Pull. 247. Doe v. Clarke, 5 Bos. & Pull. 343. Colyer’s Case, 6 Co. 16.) When the charge is on the person, the devisee takes the estate, on condition of paying the charge, and if he die in the lifetime of the testator, the charge ceases; and if he refuse to accept ayd perform, the devise *154 is void, and the heir may enter. In this case, the will merely ereated the charge upon the estate. There was no personal charge upon the devisees, and, consequently, the case is not within the reason of the rule for enlarging the estate into a fee, by reason of a charge. It may admit of some dispute what words will amount to a charge on the person, so as to render the devisee who accepts of the land, personally and at all events, liable for the debt or legacy charged, and the cases on this point are not altogether consistent. In Dickens v. Marshall, (Cro. Elis. 330.) A. devised all his lands and goods after his debts and legacies paid ; and in Denn v. Miller, (5 Term, Rep. 558.) the devise was of all lands and goods, afterpayment of his just debts, ¿te. ,and it was held, in both cases, that the devisee took only an estate for life; and though the latter decision was reversed in the exchequer-chamber, (3 Anst. 781. 1 Bos. & Pull. 558.) it was not upon the point of the nature - and effect of the charge. In Doe v. Allen, (8 Term Rep. 497.) the devise was, that after the debts being first paid out of the personal, mid if not sufficient, out of the real estate, he devised, &c. and the devisee was held to take only an estate for life. So in Redoubt v. Redoubt, (8 Vin. 217, pl. 18.) the devise was that 500Z, be paid as soon as may be out of the aforesaid estate and premises ; and in Doe v. Clarke, (5 Bos. & Pull. 343.) the words were, I charge all my estate, both real and personal, with the payment of the above legacies, and yet in neither case did the devisee take a fee for want of apt words of inheritance.
These are instances of a charge upon the land and not upon the ■ person. But the following cases may be cited to illustrate the other part of the rule. As in Colyer's Case, (6 Co. 16.) the devise was to A. he paying, &c. and in Doe v. Holmes, (8 Term Rep. 1.) the words were, I give my house and furniture to A. she paying, &c. and in Goodtitle v. Maddern, (4 East, 496.) the devise was, of all the rest, See. of lands, goods and chattels, &c. to my executrix, &c. so that she pay, &c. and they were all held to be 'charges on the person, so as to carry a fee,, by reason of the charge. There are other cases of this kind, which have been held to carry a fee, though the words were not so strong. Thus in Philips v. Hele, (Rep. in Ch. v. 1. p. 101.) the words were, all the rest of my goods and lands I give to A. to discharge all things charged in my will; and in Doe v. Richardson, (3 Term Rep. 356.) the devise was of all the lands, See. his legacies and funeral expenses being thereout paid ; and in Doe v. Snelling, (5 East, 87.) the de» *155 vise was of lands and goods, after'having thereout first paid debts and legacies, and in all these cases, the devisee was held to taire a fee.
It will be in vain, as must appear from this imperfect sketch of a few leading cases, to look for uniformity and harmony of decision in this branch of the law. The opinion of the court of C. B. in Doe v. Clarke, (5 Bos. & Pull. 343.) very justly questions the application of the general principle in the two last cases above referred to, since the charge appeared very evidently to be upon the estate, and not personally upon the devisee. Cases may frequently mislead us, by their misapplication of principle, but it is our duty always to endeavour to recall and adhere to the principle, in opposition to any particular case. The reasoning of Sir James Mansfield is the most plain and logical of any in the modern cases on this point; and the case of Doe v. Clarke is the most recent, and, perhaps, the most sound authority, and it is decisive to show that the charge in the present case was upon the land, and not upon the person of the devisees, and that they took only an estate for life. That case, as well as the case of Redoubt v. Redoubt, is in point on another ground, and shows that the devisees here took only for life. Sir J. Mansfield says, there is no case which , has decided that a general charge upon the whole estate, will give a fee to the devisee of only a particular part of that estate. In Redoubt v. Redoubt, and in Doe v. Clarke, the charge was general, and the devise in question only of a particular part of the estate, and the charge was held not to enlarge the estate to a fee. In the present case, also, the charge is upon the whole estate generally, and not specifically upon the farm devised to the two sons under whom the defendants hold.
The case of Jackson v. Harris (8 Johns. Rep. 141.) is also in point. The charge there was general, and the devise to Henry Harris of a particular lot. The charge there was also on the estate, and not on the person, and the decision was undoubtedly correct upon the principles above laid down; though perhaps that decision would have rested better upon one or the other of those grounds, (for either is sufficient,) than upon the principle which was there assumed.
The lessors of the plaintiff are accordingly entitled to recover the proportion stated in the verdict.
Judgment for the plaintiff.