## BURLINGHAM *vs.* BELDING.

*A devise of lands without words of perpetuity, in a will made previous to the revised statutes, will not be construed to give a fee by implication, although there be a personal charge imposed upon the devisee, if there be a fund other than the realty, to which the devisee may look for indemnity, and in immediate connection with which the charge is imposed.*

THIS was an action of *ejectment,* tried at the Dutchess circuit, in October, 1838, before the Hon. CHARLES H. RUGGLES, one of the circuit judges.

The plaintiff, *Catharine Burlingham,* one of seven children of *Silas Belding,* deceased, claimed an equal undivided *seventh part* of three tracts of land in the possession of the defendant, who claimed the premises under a devise in the *will* of *Silas Belding,* executed in 1786, whereby the premises were devised to *Lawrence Belding,* the father of the defendant, *without any words of perpetuity added to the devise.* The defendant claimed that his father *took a fee by implication.* The *will* commenced in these words: " First, I give to my loving wife Janatie, my house wherein I now live, with all my live stock of horses, cattle, sheep, and swine; with all my carriages, farming tools and utensils, *during her natural life.* All which goods and chattels are then, after my said wife Janatie's decease, to pass to and be the property of my son Lawrence, *who is to take care of his mother during her natural life.*" Next the testator gives to his son *Silas,* four tracts of land, particularly describing them, without any words of perpetuity. Next he gives the three tracts in question to his son *Lawrence,* without any words of perpetuity. Next he gives a tract of land to his daughter *Mary,* without any words of perpetuity. Next he gives a tract of land *unto the heirs* of his daughters *Abigal* and *Catharine,* without words of perpetuity, but directing the same *to be equally divided* between such heirs, *per stirpes.* Next he gives a certain other tract to his daughters *Jane* and *Elizabeth,* without words of perpetuity. Then follows a clause in the words: " And it is my will and

pleasure that my wife Janatie shall have the use and benefit of my *negro man* and *woman*, during her natural life, and *after her decease,* I give them to my son Lawrence." After which, he gives his household goods and furniture to his three daughters, Mary, Jane and Elizabeth, to be equally divided between them, six months after his wife's decease; the same to remain to his wife's use and care during her natural life; and as to what *cash* he has, and what may be due to him at his decease, after his funeral charges and lawful debts shall be paid, he gives it to his two sons, *Silas* and *Lawrence,* and to his three daughters, *Mary, Jane* and *Elizabeth,* to be equally divided between them; and then concludes in these words: "And I make and ordain my said wife *executrix* of this my last will and testament; and also, I make and ordain my son *Lawrence* and my son-in-law Christopher Dutcher, *executors, in trust, for the intents and purposes in this my last will and testament contained, to take care and see the same performed,* according to my true intent and meaning; and I also give to my sons *Silas* and *Lawrence,* all my wearing apparel, to be equally divided between them. In witness," &c. *Janatie,* the wife of the testator, outlived her husband thirteen years; after her husband's death, she resided with her son *Lawrence,* and was kept and supported by him during her life. The *house* given to her during her life, was on that part of the premises devised to her son *Lawrence,* who on the death of his father took possession of the premises devised to him, and continued in possession until his death, about *six years* before the trial. The other devisees also took possession of the several shares devised to them. The judge charged the jury that under the will of the testator, Lawrence Belding took only a *life estate,* and that the plaintiff was entitled to recover. The jury accordingly found for the plaintiff, and the defendant, on a *bill of exceptions,* moved for a new trial.

*C. W. Swift & H. Swift,* for the defendant.

*A. Forbis & L. Maison,* for the plaintiff.

Burlingham v. Belden.

*By the Court*, Cowen, J. It is conceded by the defendant's counsel, that the clause in the will of the testator Silas Belding, by which he devised the premises in question to his son *Lawrence*, when considered *by itself*, carried no more than an estate for life; and that the will cannot be made to carry a fee, unless it fasten some personal charge upon Lawrence, *in respect to the land devised to him.* That the will in a distinct previous clause, imposes a personal charge upon him to some extent, which is comprised in the words " who is to take care of his mother during her natural life," is agreed by both sides. But this imposition is in immediate connection with a bequest of *personal property.* Had the bequest been a *devise*, though with *life words* merely, then, according to the cases cited by the defendant's counsel, there cannot be a doubt, that such imposition would have been operative to enlarge it, by construction, into a fee. The devise to Lawrence is *subsequent*, and as completely distinct in terms from the personal imposition, as the intermediate one to *Silas*, or those to subsequent devisees. The testator also made bequests to Lawrence in a still subsequent part of the will, equally disconnected with the imposition, so far as words are concerned.

Every devise and every bequest, when taken by them-selves, import a bounty, and they cannot be turned into a bargain for payment of money or personal services without plain words, or necessary implication from the context, that the duty required was in consideration of the devise or bequest. *Spraker* v. *Van Alstyne*, 13 Wend. 578, and 18 Wend. 200, *S. C.* on error, goes the farthest of any case I have seen in raising this implication. The difference between this court and the court of dernier resort, in that case, was, whether the will was to be so construed as to fasten a personal burthen upon the devisee at all. That point being reached in the court of errors, the inference was not diffi-cult, that it must have been by reason of, or in respect to the interest communicated, to the devisee. There, as the will passed nothing to Martin Van Alstyne, except the land devised, with 30 shillings by reason of his primogeniture, the personal estate being bequeathed to another; and as the

court of errors inferred that he was left with the burthen upon him of paying debts, or a portion of them, they thought that, in sound construction, the burthen had reference to the land. This was the method by which that court brought the case within the pale of such British and American authorities as erect a fee upon a personal charge *connected* with a devising clause which would otherwise carry but an estate for life. This *connection* alone is, in the case at bar, the point of dispute ; for here is not, as in the case of *Spraker* v. *Van Alstyne*, a declaration that any one of the heirs should be content with what was given him. See 18 Wend. 207, per Walworth, Ch., on the authority of *Butler* v. *Little*, 3 Greenl. 207.

What then is the natural unsophisticated meaning of this will ? I think the testator here has not left us to the office of construction ; but has himself expressly declared, in the very outset of his will, the consideration upon which the *care* was to be bestowed by Lawrence. He had bequeathed to his wife, for life, his dwelling house, stock, carriages and farming tools; and then added, " *all which goods and chattels are, then, after my said wife's decease, to pass to, and be the property of my son Lawrence, who is to take care of his mother during her natural life.*" I understand the testator here plainly to say, that the *care* was a consideration of the remainder which Lawrence was to take in the personal property. It was but another form for the usual expression in common life : " the goods and chattels are to be A. B.'s, who is to take care of his mother ;" or " the goods and chattels of the farm are to go to A. B. the son, who is to take care of the old folks." The import is equally obvious as if the clause had concluded, " *because* he is to take care," &c. The defendant contends that he was to have the land for the same reason. The argument cannot be sustained without judicial interpolation. The will tells us no such thing ; but has cut off all chance of inferring it. That gives us one reason only ; and we are called upon to add another. The subsequent declaration of a trust in Lawrence, as executor, to see the will executed, beside being common to him and the other executor, *Dutcher*, is a mere

suggestion of their duty as trustees, all or most of which, the law would attach to their office of executors. Again, that duty has no apparent connection with the devise. There is not, as in *Spraker* v. *Van Alstyne,* a devise and *nothing else,* which can be looked to as an equivalent for the burthen imposed. On the contrary, another fund, the remainder in the personal property, is *expressly,* at least *plainly* indicated as the *sole equivalent.* I do not stop to show, that there are no such operative words in the devising clause itself, as will carry a fee; because, as I remarked before, this is admitted. I will only add that it is clear upon all the authorities.

The verdict directed by the circuit judge was right; and a new trial must be denied.

New trial denied.