## LIPPEN *vs.* ELDRED.

It is a well established rule, in the construction of wills, that effect is to be given to the intent of the testator, although that intent may be inartificially expressed.

That intent, however, must be found in the will, either expressed, or implied in its terms, or drawn by fair inference from other manifest intentions expressed in the will.

Where it is claimed that a will conveyed an estate in fee, to the devisee, it is not enough that the court may *conjecture* that the testator intended to pass a fee, and failed of doing so, from ignorance of the rules of law, or otherwise; but it must appear satisfactorily and *affirmatively* that such was his intention, from a construction of the will itself.

Mere intention cannot prevail against settled rules of interpretation.

The quality of the estate which devisees take must be determined by the words of the will, taken together, and receiving a liberal construction to effectuate the intention of the testator, as manifested in the will.

When there are no words of limitation to a devise contained in a will made previous to the revised statutes, the general rule of law is that the devisee takes an estate for life only; unless from the language there used, or from other parts of the will, there is a plain intention to give a larger estate.

It is not sufficient that the court may entertain a private belief that the testator intended a fee. It must see that he has expressed that intention with reasonable certainty, on the face of his will.

Where a testator, by his will, devised as follows: "Further, No. eight in the second tract, is to be divided in equal parts unto my five daughters;" *Held* that by this clause the testator merely described the object devised to his five daughters, and the quality of the estate which they took; but that the devise contained no words of limitation which would pass a fee; and that the devisees took a life estate merely, in the premises.

EJECTMENT for an undivided part of lot 8 in the second tract of Staley's patent, tried at the circuit in the county of Herkimer. The plaintiffs claimed as heirs at law of Nicholas Wohllever, who died in 1774 or 1775, having first made a will dated February 23d, 1773, in which he mentions the premises in dispute as follows: "Further, No. eight in the second tract is to be divided in equal parts unto my five daughters, Catharine, Elizabeth, Magdalen, Anna, and Anna Maria." It was admitted that the five daughters were all dead; the first having died about thirty years, and the last about four years, before the trial.

Lippen *v.* Eldred.

The circuit judge ruled that the premises were devised to the daughters in fee, and nonsuited the plaintiffs; who moved for a new trial upon a bill of exceptions.

*L. Ford,* for the plaintiffs.

*V. Owen,* for the defendant.

*By the Court,* ALLEN, J.   It is not claimed that, in a will, the word "heirs," or other express words of inheritance, are necessary to vest an estate in fee in the devisee.   It is a well established rule that effect is to be given to the intent of the testator, although that intent may be inartificially expressed. (2 *M. & S.* 711.   3 *Burr.* 1684.   *Smith* v. *Bell,* 6 *Peters' Rep.* 68.   *Reeve's Dom. Rel.* 487.   *Jackson* v. *Babcock,* 12 *John. Rep.* 393, *per Platt, J.*)   This intent, however, must be found in the will, either expressed or implied in its terms, or drawn by fair inference from other manifest intentions expressed in the will.   (*Godfrey* v. *Humphrey,* 18 *Pick. Rep.* 539.   *Farrar* v. *Ayres,* 5 *Id.* 404.)   It is not enough that the court may *conjecture* that the testator intended to pass a fee, and failed of doing so, from ignorance of the rules of law, or otherwise; but it must appear satisfactorily and *affirmatively* that such was his intention, from a construction of the will itself.   (*Baker* v. *Bridge,* 12 *Pick.* 31.   *Bouvier's Law Dic. Intention.*)   And mere intention cannot prevail against settled rules of interpretation.   (*Dashiell* v. *Dashiell,* 2 *Harr. & Gill,* 127.   *Drury* v. *Negro Grace,* 2 *Harr. & John.* 356, *per Parker, J.   Hawley* v. *Northampton,* 8 *Mass. Rep.* 38, *per Woodworth, J.   Jackson* v. *Luquere,* 5 *Cowen's Rep.* 228.)   The quality of the estate which devisees take must be determined by the words of the will, taken together, and receiving a liberal construction to effectuate the intention of the testator as manifested in the will.   (*Cook* v. *Holmes,* 11 *Mass. Rep.* 528.)   When there are no words of limitation to a devise contained in a will made previous to the revised statutes, the general rule of law is that the devisee takes an estate for life only; unless

---

*Lippen v. Eldred.*

---

from the language there used, or from other parts of the will, there is a plain intention to give a larger estate. (*a*)   It is not sufficient that the court may entertain a private belief that the testator intended a fee.   It must see that he has expressed that intention with reasonable certainty, on the face of his will. (*Per Story, J. Wright* v. *Denn,* 10 *Wheat.* 204.)

The whole will of Nicholas Wohllever is very inaptly drawn, and difficult in some of its parts to be understood ; and the devise of lot No. eight, now under consideration, is inartificially expressed.   But effect cannot be given to what may be supposed or conjectured to be the intention of the testator, further than the words employed in the particular devise, considered in connection with other parts of the will, will authorize, according to the settled rules of construction.

It is conceded that there are no technical words of perpetuity, in the devise to the five daughters, which would give them a fee ; and there is no charge imposed by the will upon the devisees in respect to the property devised, which would raise a fee by implication. (*Parker* v. *Parker,* 5 *Met. Rep.* 134.   *Van Alstyne* v. *Spraker,* 13 *Wend.* 578.   *Jackson* v. *Bull,* 10 *John. Rep.* 148.   8 *T. R.* 2.)   There is nothing in the will from which it can be inferred that the testator valued his entire estate, and intended to divide it equally amongst his children, from which the intent to devise lot No. eight in fee might be inferred, within the principle decided in *Baker* v. *Bridge,* (12 *Pick. Rep.* 27.)   And there is no clause in the will, or introductory words, from which the intent of the testator to give a fee can be inferred. (*Oates* v. *Brydon,* 3 *Burr.* 1895.   *Jackson* v. *Harris,* 8 *John.* 141.   *Jackson* v. *Merrill,* 6 *Id.* 185.)

---

(*a.*) See *Olmstead* v. *Harvey,* (1 *Barb. Sup. Court Rep.* 102, *S. P.*)   In respect to wills executed since the revised statutes went into effect, a different rule of construction prevails.   It is provided by the 5th title of the chapter concerning real property, and the nature, qualities, and alienation of estates therein, (1 *R. S.* 748, § 1,) that the term "heirs," or other words of inheritance, shall not be requisite to create or convey an estate in fee ; and that every grant or devise of real estate, or any interest therein, thereafter to be executed, shall pass all the estate or interest of the grantor or testator, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of such grant.

Lippen v. Eldred.

Neither does it appear, from any evidence in the case, that the premises were so situated, or were of that character at the time of the devise, that it would be unreasonable and manifestly against the intent of the testator to hold that the devise only vested a life estate in the daughters. (*Sargent* v. *Towne*, 10 *Mass. Rep.* 303. *Ridgeway* v. *Parker, Id. in note.*)

But it is contended that the words " to be divided unto" are words of limitation, and denote the quantum of the estate intended to be given to the devisees. There are no technical words of devise in the clause under consideration. The words " No. eight in the second tract is to be divided in equal parts unto my five daughters," should not receive a different construction, or one more favorable to the devisees, than they would receive if the devise had been expressed with technical accuracy. They would scarcely be held to convey any interest whatever to the daughters, but for the rule that no technical words are necessary to a devise, but that any words which show the intent of the testator to dispose are sufficient for a devise. (*Com. Dig. Estate by Devise, n.* 1.) The words, when fairly construed, can mean no more than that the testator gives to his five daughters lot No. 8, to be equally divided among them, share and share alike. It cannot be contended that the division was to be made before the estate vested in the devisees ; although if it were so, it is difficult to see how it would alter the rule. If the testator had said, " I give an equal fifth part of lot 8 to my daughter Catharine," &c., and provided for a partition, in his lifetime, or after his death, it would not, from that circumstance alone, be held to pass a fee. (*Jackson* v. *Wells*, 9 *John.* 222.) In *Jackson* v. *Luquere*, (5 *Cowen*, 221,) the words " equally to be divided," in wills, were held to go to the *quality* of the estate, and not to the *limitation* of it. Woodworth, J. says : " I cannot suppose that in that event, (that is, that those words were directory, which he supposes they were not, but that they merely created a tenancy in common,) he (the testator,) had any thing more in view than that Margaretta and Magdalena (the devisees) should divide the premises for and during their lives, so that each might have a

separate possession." In *Jackson* v. *Bull,* (10 *John. Rep.* 148,) the devise was, " And I give to my two sons, Joshua and Ephraim, the farm I now live on, to be equally divided between them ;" and Kent, Ch. J. says : *" As there are no apt words of limitation,* the two sons took only an estate for life, unless a fee is to be inferred by implication by reason of the charge of the debts upon the estate," laying no stress whatever upon the contemplated partition or division. " I give and bequeath unto my eldest son, Daniel Wells, all that part of a lot of land that I now live on," was held to vest a life estate only, in the son. (9 *John. Rep.* 222.) In *Van Alstyne* v. *Spraker,* the words of the devise were, " And the remainder of my brush lands lying on the south side of said creek, joining Morrison's lot, to be equally and honestly divided between my two sons Martin and Cornelius. Item ; and I will that my grist mill and all its improvements and appurtenances be honestly and equally divided, share and share alike, between my two sons Martin and Cornelius." Savage, Ch. J., says : " There is no dispute as to the phraseology of the devises to Martin and Cornelius ; they contain no words of perpetuity, they are mere words of description of the object devised, and do not describe the *quantity of the estate."* " It follows from all the principles applicable to such a case that the devisees took an estate for life only." (*See also Jackson* v. *Blanshaw,* 6 *John. Rep.* 54.)

John Gaskin began his will thus : " As to all such worldly estate as God has endowed me with," and then gave all that his freehold messuage and tenements lying in G. to his three nephews *equally* to them. Lord Mansfield held that the nephews took but a life estate in the premises. (*Denn* v. *Gaskin, Cowp.* 657.) So, on a devise to A. for life and afterwards to his three daughters equally to be divided, the daughters take only a life estate. (*Com. Dig. Estate by Devise, n.* 7.)

We are of the opinion that the clause of the will under consideration merely describes the object devised to the five daughters, and the quality of the estate which they took, but that it contains no words of limitation which will pass a fee ;

and.that the daughters took a life estate merely in the premises. (*Morrison* v. *Semple*, 6 *Binn.* 97. *Jackson* v. *Embler*, 14 *John. Rep.* 198. *Paice* v. *Archbishop of Canterbury*, 14 *Ves.* 364.)

A new trial is granted.    Costs to abide event.

SAME TERM.    *Before the same Justices.*