Vrooman *v.* Weed.

---

SAME TERM. *Cady, Paige, Willard, and Hand,* Justices.

VROOMAN *vs.* WEED.

Where the plaintiff, in an action of ejectment, declares for a whole lot, and on the trial proves title to an undivided part only, he should be permitted to take a verdict according to the proof.

If a plaintiff, on the trial of an action of ejectment, proves a title to any part of the premises described in his declaration, he is entitled to a verdict for that part, as a matter of right.

And if such part be described in the verdict, there is no occasion to amend the declaration.

An *obiter dictum* of Nelson, Ch. J. in *Holmes* v. *Seely*, (17 *Wend.* 75,) overruled.

THIS was an action of ejectment, in which the plaintiff, in the first count of her declaration, claimed the whole of lot D. in

lot No. 3, in great lot No. 1, in the 24th allotment of the patent of Kayaderosseras. And in the second count of the declaration, she claimed one undivided twenty-fifth of the same lot. The cause was tried at the Saratoga circuit, before WILLARD, circuit judge, in May, 1846. On the trial, the plaintiff proved a title to one undivided one hundred and fifteenth part of the said lot, and that the defendant was in possession claiming title to the whole lot, when the action was commenced. Upon this evidence a motion was made by the defendant's counsel, that the plaintiff be nonsuited, for the variance between the title, as proved, and that claimed in the declaration; and that motion was granted. A motion was now made to set aside the nonsuit, and for a new trial.

*J. Brotherson*, for the plaintiff.

*A. Meeker*, for the defendant.

*By the Court*, CADY, P. J. Before the revised statutes, a plaintiff in an action of ejectment was not obliged to describe the premises which he claimed, more particularly, in his declaration, than by alleging that one hundred acres of meadow, one hundred acres of pasture land, &c. in the town of Knox, in the county of Saratoga, were demised, for ten or other number of years. The demise being admitted, all the title which the lessor need show, was such as would warrant the demise stated in the declaration for any divided or undivided part of the premises claimed. The plaintiff could not be nonsuited, if he showed a title to any part of the demised premises. But since the revised statutes, neither the practice at the circuits, nor the ruling of the supreme court, has been uniform. In the case of *Van Alstine* v. *Spraker*, (13 *Wend*. 578,) the plaintiff claimed the whole in fee. On the trial, he showed a title to an undivided part, and for life. The judge, at the circuit, nonsuited the plaintiff, on account of the variance between the declaration and the evidence. The supreme court set aside the nonsuit, on the ground that the plaintiff had an absolute right to a verdict, for the es-

Vrooman v. Weed.

tate and for the part to which he proved title, although he had claimed the whole of the premises, and an estate in fee. Was not this opinion warranted by the revised statutes, and the set-tled rules of pleading? The revised statutes (2 *R. S.* 304, § 8) require that a declaration in an action of ejectment must describe the premises claimed, with such certainty, that from such description, possession may be delivered; and the ninth section requires that if the plaintiff claims an undivided share or interest in any premises, he shall state the same particularly, in such declaration. Why? So that the officer may, on the execution, know of what to give possession, and avoid a difficulty mentioned in an original note of the revisers to sections 5 to 9, (3 *R. S. 2d ed.* 707,) in which it is said that "by the present law, if the declaration be general the plaintiff takes possession to any extent he pleases, subject to be put right by the court if he takes too much." (*See* 5 *John. Rep.* 366.) And in the same note it is said, "and yet, to avoid the consequences of an erroneous description, provision will be made in this title, by which the verdict will designate the premises actually recovered." The 10th section requires "in an ejectment brought to recover dower, the plaintiff must claim one undivided third part—and in every other case the plaintiff shall state what estate he claims, whether in fee, for his own life, for the life of another, or for a term of years," &c. If the legislature had intended that a plaintiff should fail in his action and be non-suited unless on the trial his evidence should establish his title precisely as stated in his declaration, the 28th, 29th and 30th sections never would have been passed. The obvious intent of the 30th section is, to authorize verdicts to be entered for the plaintiff, although there was a variance between his claim and his evidence. By the 1st subdivision of the 30th section, a general verdict is to be given, when the evidence agrees with the claim ; in such case the premises recovered are not to be described in the verdict ; possession is to be delivered according to the description in the declaration. The 2d subdivision provides for a case where the evidence does not show a right in all the plaintiffs, and requires that the verdict shall specify for which plaintiff

Vrooman *v.* Weed.

the jury find, and as to which plaintiff, they find for the defendant. The 3d subdivision is intended to provide for the case, where some, but not all, of the defendants are found guilty. The 4th subdivision provides that if the verdict be for all the premises claimed, it shall, in that respect, be for such premises generally, because in such case the declaration shows of what premises possession is to be delivered; and there is no occasion for a new specification. The 5th subdivision provides that if the verdict be for a *part* of the premises described in such declaration, "the verdict shall particularly specify such part, as the same shall have been proved, with the same certainty herein before required in the declaration, in the description of the premises claimed." Why declare this particular description in the verdict? "so that from such description possession of the premises *recovered* may be delivered." This subdivision of the 30th section shows that the legislature intended that the plaintiff should recover the part of the premises described in the declaration to which he proved a title. The intent and object of the legislature was to prevent a variance between the declaration and evidence from defeating a recovery; and the law ought to be so construed as to give full effect to the intention of the legislature, to advance the remedy and prevent the mischief, "if the verdict be for a *part* of the premises described in the declaration." Do the rules of construction require that the word *part* in this sentence be confined to a divided part? If the plaintiff in his declaration claims one hundred acres, but on the trial proves a title only to ninety acres of the north part of the lot, he is entitled to recover; but the verdict must specify the part. And is he not, under the said 5th subdivision, equally entitled to recover if he prove a title to nine undivided tenths of the lot? The jury can describe an undivided, as well as a divided *part*; and the word *part* may as appropriately be applied to an undivided as to a divided part. A man describes to me one hundred acres of land, and asks me what *part* of it I own; would he not expect an answer from me, whether I owned a divided or undivided part?. In the case already cited the plaintiff claimed the whole; and the supreme court held

that he might recover an undivided part.   The 5th subdivision
applies in terms to the *premises described in the declaration.*
The 6th subdivision, in its terms, applies to the premises
claimed; and provides, that "if the verdict be for an undi-
vided share or interest in the premises *claimed*, it shall specify
such share or interest; and if for an undivided share in a part
of the premises claimed, it shall specify such share, and shall
describe such part of the premises as herein before required."
A plaintiff, in his declaration, claims an undivided half, but
proves a title to only one undivided fourth of the whole, and
that is an undivided half of the premises claimed.   An undivi-
ded fourth of the whole is an undivided half of an undivided
half.   And whenever a plaintiff claims an undivided part, and
on the trial proves a title to a less part than he claims, he is
under the 6th subdivision entitled to a verdict according to the
evidence.   A plaintiff in his declaration claims a fee, but on
the trial proves only an estate for life or years; did the legisla-
ture intend that in such a case a plaintiff should be nonsuited?
No; but to guard against such a result, the 7th subdivision
requires that the verdict shall also specify the estate which
shall have been *established on the trial* by the plaintiff, in
whose favor it shall be rendered; whether such estate be in fee,
for his own life, or for the life of another, stating such lives, and
whether it be for a term of years, and specifying the duration
of such term.   These provisions are wholly useless, if a plain-
tiff is to be nonsuited, unless he shows a title to the estate
claimed in his declaration; because when he proves title to the
estate claimed, a general verdict for him would show upon the
record, to what estate he was entitled; but when he proves
title to, and recovers a different estate from the one claimed, it
becomes necessary that such estate should be specified in the
verdict; because the recovery is to be conclusive against the
defendant and those claiming under him as to the title estab-
lished in such action.   Hence it is important that if the estate
to which the plaintiff prove title, be different from the estate
claimed in his declaration, it be specified in the verdict; so
that there may be record evidence showing how long the defen-

Vrooman *v.* Weed.

dant and those claiming under him are to be concluded by the recovery. There is nothing in the revised statutes which indicates that the legislature intended to embarrass proceedings in the action of ejectment, by technicalities. The sections already noticed furnish evidence of a very different intent. And that evidence is strengthened by the first section in relation to the subject, which is as follows: "The action of ejectment is retained, and may be brought in the cases and manner heretofore accustomed, subject to the provisions hereinafter contained." The third section also shows that the legislature never intended that a plaintiff should be turned out of court because he could not show a title to *all* the premises, or the estate which he claimed. That section is as follows : " No person can recover in ejectment unless he has, at the time of commencing the action, a valid subsisting interest in the premises claimed, and a right to recover the same, or to recover possession thereof, *or of some share, interest or portion thereof, to be proved and established on the trial."* Some effect ought to be given to the words which are italicised, but no effect can be given to them if a plaintiff is to be nonsuited, unless he proves a title to all he claims in his declaration. The revisers, in their first note, (3 *R. S. 2d ed.* 707,) say, " but they have carefully adhered to the leading principles of the action, so as to make little or no alterations except in the *form* of the proceeding." Is not all the law in relation to the action of ejectment now in force, which was before the revised statutes took effect, except so far as that law has been altered by them ? This would seem to be the fair · meaning of the section last referred to. What was the law before the revised statutes took effect, as to variance between the plaintiff's claim as it appeared on his declaration and his evidence ? He might claim in his declaration two messuages, two barns, two stables, two orchards, one hundred acres of arable land, one hundred acres of meadow land, one hundred acres of pasture land, and twenty acres of land covered with water, but if on the trial he was unable to show a title to more than one undivided tenth part of one acre of arable land, he could not be nonsuited for the variance. He had an *absolute*

right to a verdict according to his title as proved. And some of the subdivisions of section 30, already noticed, introduce no new law, but are enactments giving a legislative sanction to the previous law in relation to the action of ejectment. In *Gay* v. *Bond,* (*Cro. Eliz.* 12, 13,) the plaintiff declared for 100 acres of land. He showed his lease in evidence for forty acres. The court ruled that he could recover according to his lease, and for the residue the jury might find for the defendant. In 1 *Burrow's Rep.* 329, 330, the plaintiff declared for a moiety, and proved title to a third, and Lord Mansfield said, " this is an exceeding plain case ; the rule is, undoubtedly, 'that the plaintiff must recover according to the title'. She has demanded half, and she appears to be entitled to a third, and so much she ought to recover." In that case it is said that a plaintiff may recover *less* but not *more* than he demands. In the case of *Ablett* v. *Skinner,* (1 *Sid.* 229, 230,) " the declaration was for one fourth part of a fifth part. The plaintiff's title upon the evidence was only to the third part of a fourth part of a fifth part. The court held that the verdict might be taken according to the title." The law, as established by these cases, is incorporated into the 5th and 6th subdivisions of section 30, and it was in exact conformity to the principle of these cases, and of the statute, that the supreme court, in the case of *Van Alstyne* v. *Spraker,* held, that a plaintiff who claimed the whole in his declaration, was entitled to a verdict for an undivided part, if he proved a title to such part. The other point decided by the court in the case of *Van Alstyne* v. *Spraker,* was that the plaintiff, although he claimed a fee and proved a title only to an estate for his own life, was entitled to recover ; and that branch of the opinion of the supreme court is believed to be fully warranted by the 7th subdivision of the 30th section ; and although the authority of that case has by some of the justices of the supreme court been questioned, yet, with the utmost respect to those justices, it is believed that they dissented from the opinion given in that case, without much examination. It is believed that the first case in which the authority of the case of *Van Alstyne* v. *Spraker* was questioned, was the case of

Vrooman v. Weed.

*Holmes* v. *Seely*, (17 *Wend.* 75.)   In that case, the plaintiff, in the first count in his declaration, claimed an estate for the life of Anna Dan, widow of Hezekiah Dan.   In the second count he claimed the same estate " by virtue of the last will and tes‑ tament of the said Hezekiah Dan.   On the trial the plaintiff failed to prove that he had any estate for the life of Anna Dan; but he did prove that the defendant had encroached upon lands of which the plaintiff, by himself and tenant, had, for several years before such encroachment, the actual possession.   He gave other evidence, which the supreme court held, showed that his infant children were the owners of the land, and that he must either rely upon his actual possession, or his title as guardian in soccage.   On the trial the defendant moved for a nonsuit, on the ground that the plaintiff had failed to prove such an estate in the premises, as was alleged in his declara‑ tion ; which motion was granted, and the case came before the supreme court on a motion to set aside the nonsuit, and for a new trial.   The court refused to set aside the nonsuit, but granted a new trial on payment of costs, with liberty to the plaintiff to amend his declaration.   If all the evidence given by the plaintiff on the trial be stated in the case, the plaintiff was rightfully nonsuited ; and the supreme court rightfully refused to set aside the nonsuit; because he failed to prove on the trial that he had such estate as he claimed.   And although he proved that he had an estate as guardian of his infant children, he did not give the necessary evidence to enable the jury to spe‑ cify the estate, in conformity to the 7th subdivision of the 30th section, 2 *R. S.* 307.   His estate as guardian would cease as to each child, when the child became twenty-one years of age. He ought to have given evidence of the age of each of his children to whom the estate belonged.   Without such evidence the jury could not give a verdict according to the requirements of the statute.   But the nonsuit was not granted, nor the re‑ fusal to set it aside put upon that ground, but upon the ground that the plaintiff had not proved that he had such an estate as he claimed in his declaration.   And so far, the opinion of the court may be regarded as overruling one part of the opin‑

ion of the same court, given in the case of *Van Alstyne* v. *Spraker*, which opinion was, that a plaintiff who claimed a fee might recover an estate for life. But no such question arises in the case now under consideration; and were it necessary to determine whether the opinion in the case of *Van Alstyne* v. *Spraker*, or that in the case of *Holmes* v. *Seely*, was most in conformity to the intention of the legislature as expressed in the seventh subdivision of section 30, it is believed that it would not be difficult to show that the opinion in the former case ought to be preferred. The other question decided in the case of *Van Alstyne* v. *Spraker* was, that a plaintiff who claimed the whole, was as a matter of right entitled to recover an undivided part, if he showed a title to such undivided part. But no such question was raised in the case of *Holmes* v. *Seely ;* and all that Chief Justice Nelson was pleased to say upon that question, in the latter case, was uncalled for. It was out of the case, and cannot be regarded as authority; but it is entitled to all the respect and consideration due to the extra-judicial opinions of an eminent jurist. The difference in opinion between Chief Justice Savage and Chief Justice Nelson, was more in form than substance. The former held that a judge at the circuit had no right to nonsuit a plaintiff because his evidence showed that he had title only to an undivided part of the premises described in the declaration, or that he had only an estate for life, when he claimed a fee. The latter held that it was in such cases in the *discretion* of the circuit judge to nonsuit the party on account of the variance, or to refuse to nonsuit, and leave the plaintiff to apply to the court for leave to amend his declaration. But if on examination it shall be found that in such cases no amendment is necessary, it will go far to show that the opinion of the court as given by Chief Justice Savage, is most to be relied on. Why should an amendment be necessary in a case, in which the plaintiff claims a title to the whole of the premises claimed in the declaration, and proves a title only to an undivided part; or in a case in which he claims an estate in fee, and proves a title only to an estate for life or years? In both these cases the revised

Vrooman *v.* Weed.

statutes require the verdict to be according to the evidence; the part or share to which the plaintiff shows title, must be particularly specified in the verdict. So the estate to which the plaintiff proves title must be specified. Why? So that it may appear of record for what execution may be issued. What necessity can there be for amending the declaration? It is necessary in an action of assumpsit for money lent, that the plaintiff state in his declaration what sum was lent, and the amount of damages he has sustained by reason of the defendant's non-performance of his promise; but if he alleges that he lent $1000 and has sustained damage to $2000, yet if on the trial he can only prove that he lent $100, he is entitled to a verdict for that sum; and the variance cannot be urged against him, nor need he amend his declaration, because he recovers a part of the thing claimed, and the verdict and judgment will show for what execution is to be issued. So in an action of trespass for cutting and carrying away one hundred pine trees standing and growing on the plaintiff's land; but on the trial, by the plaintiff's own evidence it appears he is tenant in common of the land with nineteen others; so that he is entitled to only one undivided twentieth part of the trees; yet he cannot be nonsuited, but is entitled to a verdict for one twentieth part of the damages; and he need not amend his declaration. If in an action of replevin the plaintiff claim ten tons of hay, which have not been replevied, and on the trial the plaintiff only proves a title to nine tons, may he not have a verdict according to the evidence, and a judgment for the return of the nine tons, without amending his declaration? In such cases the question of variance does not arise; but a question of variance may arise in actions of assumpsit, trespass or replevin. If a plaintiff declares in assumpsit on a promissory note made by the defendant for ten thousand dollars, payable to John Doe or bearer; and on the trial offers in evidence a note for five thousand dollars payable to R. Roe or order, it would not be received in evidence, because of the variance. So if in trespass for cutting and carrying away pine trees, evidence that the defendant had cut and carried away the plain-

tiff's standing corn, would not support the action. And in an action of ejectment, if the plaintiff cannot show a title to some part of the land claimed in his declaration, he cannot entitle himself to a verdict by proving title to other land in the defendant's possession. That would be such a variance as the judge at the circuit could not disregard; and no such variance is provided for by the 30th section. Chief Justice Nelson, in giving the opinion of the court in the case of *Holmes* v. *Seely*, speaking of the plaintiff in an action of ejectment, says, "If he claim an undivided half, he cannot recover an undivided fourth or third or the whole of *twenty acres;* and if he claim the whole he cannot recover the undivided half, fourth or third." The case then under consideration did not require the determination of any such question; and it may be considered that upon a declaration claiming an undivided half, he cannot recover the whole, because it is a general rule that a plaintiff cannot recover more than he claims; but in every other part of what is above quoted, it is believed the chief justice erred. But this obiter dictum has, in subsequent cases, been referred to as authority. In the case of *Gillet* v. *Stanley*, (1 *Hill*, 121, 129,) Bronson, justice, in giving the opinion of the court, states as a difficulty in the case, that "the declaration is for the whole interest, while the proof shows that plaintiffs were only entitled to an undivided share in the premises." And he refers to *Holmes* v. *Seely*, (17 *Wend.* 75.) So in the case of *Cole & Cole* v. *Coe*, (6 *Hill*, 634, 639,) the case of *Holmes* v. *Seely* is referred to as authority for saying that, under a count for an undivided half, or for an undivided third, the plaintiff cannot recover two undivided sevenths.

Thus it will be seen that the obiter dictum of Chief Justice Nelson, in the case of *Holmes* v. *Seely*, is the only authority for saying that a plaintiff who declares for the whole cannot be allowed to recover an undivided part. But the court are of opinion that the judgment of the court in the case of *Van Alstyne* v. *Spraker* is fully warranted by the revised statutes, and by the well settled rules of law, applicable to actions of ejectment. That if a plaintiff on the trial of an action of

---

ejectment proves a title to any part of the premises described in the declaration, he is entitled to a verdict for that part as a matter of right.(*a*)   And if such part be described in the verdict, there is no occasion to amend the declaration.   A new trial must be granted in this case, and the costs to abide the event of the suit.

(*a*) See *Truax* v. *Thorn, ante, p.* 156, *S. 'P.*

