## MORRISON and others *against* SEMPLE and another.

### IN ERROR.

*Pittsburg,
Monday,
September 13.*

When the words of a will indicate an intention to pass the whole interest of the devisor, the devisee will take a fee, if that was the devisor's estate; otherwise if the words only describe the object devised; the devisee will then take for life. Therefore "I give and devise to *A* " all my *real and personal property,*" passes a fee in the realty.

THIS was an ejectment for 142 acres 136 perches of land in *Allegheny* county, brought in the name of *Edward* and *Sarah Semple* by their guardian *William Hays*, against *Morrison* and others the plaintiffs in error; in which the following case was stated in the nature of a special verdict, and judgment was without argument entered for the

plaintiffs below, that the cause might be removed to this Court.

"*Samuel Semple* late of *Allegheny* county deceased, on "the 8th day of *February* 1808, was seized in his demesne "as of fee, of and in the tract of land above mentioned, "with the appurtenances thereunto belonging; and being so "thereof seized and possessed, the said *Samuel* afterwards, "to wit, the same day and year aforesaid, at the county "aforesaid, made his last will and testament in writing in "the words following, viz. In the name of God. Amen. I "*Samuel Semple* of *Allegheny* county in *Pennsylvania*, being "of sound mind, do make this my last will and testament "in manner and form following. I do bequeath and devise "unto my beloved son-in-law *Steele Semple, all my real and* "*personal property;* and I do hereby constitute and appoint "him the said *Steele Semple* sole executor of this my last "will and testament. In witness whereof &c. Afterwards, "to wit, the 10th of *April* in the year aforesaid, the said "*Samuel Semple* died, leaving issue *Juliet*, intermarried "with the late *Steele Semple* in the said last will and testa- "ment mentioned. The marriage of the said *Steele* and "*Juliet* took place before the making of the said last will "and testament, and both survived the said *Samuel Semple*, "and had issue two children born alive previous to the "death of the testator, and the making his said last will. "Sometime between the death of the said *Samuel Semple*, "and the institution of this suit, the said *Steele Semple* and "*Juliet* both died intestate, leaving issue two children *Ed-* "*ward* and *Sarah* the plaintiffs in this suit, both of whom "are minors, and whose guardian is the said *William* "*Hays*. The said *Steele Semple* by a former wife had two "children, both of whom are still living. The defendants "are in possession of the land mentioned in the ejectment, "and claim under a sale and conveyance in fee simple made "to them by the said *Steele Semple* in his life time."

"If the Court shall be of opinion that the said *Steele* "*Semple*, under the devise in the said last will and testa- "ment, took an estate in fee in the tract of land aforesaid, "then judgment to be entered for the defendants. But if "under the devise aforesaid he took but an estate for *life*, "judgment to be entered for the plaintiffs."

1813.

MORRISON
et al.
*v.*
SEMPLE
et al.

*M'Donald* and *Wilkins* for the plaintiffs in error, argued that where words of description were used by a testator, a life estate passed; but where he used words denoting his whole interest, his whole estate passed: and that the terms all his real property, particularly when connected with terms embracing the personality, were the strongest that could be used to denote all the testator's estate, right, and interest in the premises. They cited 2 *Black. Comm.* 1. 16. 198., 1 *Cruise* 1, 2., *Hogan* v. *Jackson* (*a*), *Blount's Law Dic. Property*, *Bayley's Dic. same*, *Jacobs' Dic. same*, *Hopewell* v. *Acton* (*b*), *Lambert's Lessee* v. *Paine* (*c*), *Kennon* v. *M'Roberts* (*d*), *Guthrie's Lessee* v. *Guthrie* (*e*), *Right* v. *Sidebotham* (*f*), *Bridgewater* v. *Bolton* (*g*), *Carter* v. *Horner* (*h*), 1 *Eq. Abr.* 176. *pl.* 7., *Id.* 177. *pl.* 14., *Ackland* v. *Ackland* (*i*), 1 *Eq. Abr.* 177. *pl.* 15., *Newkirk* v. *Newkirk* (*k*), *Yealt* v. *Sadler's heirs* (*l*), *Cowper* v. *Cowper* (*m*), *Bowes* v. *Blacket* (*n*), 18 *Vin.* 73., *Dingley* v. *Dingley* (*o*), *Devinish's Lessee* v. *Smith* (*p*), *French* v. *M'Ilhenny* (*q*), *Loveacres* v. *Blight* (*r*), *Davis* v. *Miller* (*s*), *Cook* v. *Gerrard* (*t*), 8 *Vin.* 199. *pl.* 1., *Taylor* v. *Webb* (*u*).

*Mountain* contra, did not deny the general principle for which the opposite counsel contended, but argued that " *property*" in this will denoted the thing devised, in the same manner as if the devise had been of all the testator's lands. He cited and relied on *French* v. *M'Ilhenny*, and *Clayton* v. *Clayton* (*v*).

TILGHMAN C. J. Judgment was entered in this case, in the Court of Common Pleas, without argument and by consent, in order that it might be brought up for the opinion of this Court. The question is, whether an estate for life or in fee passed to *Steele Semple* by the will of *Samuel Semple.* The will is very short and in the following terms: (Here the Chief Justice read the will). The counsel for the defendant in error, placed this case in as strong a light as it

| | | |
|---|---|---|
| (*a*) *Cowp.* 304. | (*h*) 4 *Mod.* 89. | (*p*) 1 *Harris* & *Mc.* 148. |
| (*b*) 1 *Salk.* 238. | (*i*) 2 *Vern.* 687. | (*q*) 2 *Binn.* 13. |
| (*c*) 3 *Cranch* 128. | (*k*) 2 *Caines* 351. | (*r*) *Cowp.* 352. |
| (*d*) 1 *Wash.* 96. | (*l*) 1 *Munf.* 537. | (*s*) 1 *Call,* 127. |
| (*e*) 1 *Call.* 7. | (*m*) 2 *P. Wms.* 741. | (*t*) 1 *Saund.* 186. |
| (*f*) *Doug.* 734. | (*n*) *Cowper,* 238. | (*u*) *Styles* 308. |
| (*g*) 1 *Salk.* 236. | (*o*) 5 *Mass.* 535. | (*v*) 3 *Binn.* 476. |

would bear, but I have never entertained a doubt on the subject. In whatever point of view it is considered, I perceive a plain intention with apt words to pass a fee simple. Here is a testator with an only child, (a daughter) who had a husband and two children. He makes no mention either of child or grandchild, but speaking of his son-in-law in the most affectionate manner, he gives him the whole of his real and personal property, and appoints him his sole executor. What can be concluded from this, but that the testator placing unbounded confidence in the husband intended to put every thing in his power. It is inconceivable that with any other intent, he should have observed a profound silence with respect to every other human being. It is a singular instance of confidence, but does not prove that the testator had no affection for his daughter or her issue. It proves that he was convinced of the honour and integrity of his son-in-law, and to an honourable and upright mind no obligation could be stronger than that which this will imposed. What is its language? " I place every thing that " is dear to me in your hands. The person and the fortune " of my child are confided to you. I know that you will " prove worthy of the trust." But it is said that intention alone is not sufficient. The heir is not to be disinherited without words sufficient to pass the estate to some other person. It is true that we are not permitted to *guess* at the intention; it must be ascertained from the words of the will. But if it can be so ascertained it shall be carried into effect. No technical words are necessary to pass a fee simple. Any expressions which show an intent to give an absolute estate are sufficient. A devise of land to one *for ever,* or, " to dispose of at his will and pleasure," is a fee; because there is a manifest intent to give a fee. So a devise of one's *estate,* or of all one's *right* or *interest* in land, passes a fee for the same reason. The rule is this: Words which only describe the *object* devised, give no more than an estate *for life;* but words which comprehend the *quantum* of the estate, pass the *fee.* And this rule is not founded on any artificial principle, but on the plain ground of common sense and fair construction. When a man gives all his *estate,* it is as much as to say, all the *interest* that he has in the subject devised. In the present instance the testator desig-

1813.

MORRISON
et al.
*v.*
SEMPLE
et al.

nates no particular object, but gives in general, *all his real and personal property.* I can conceive no expressions more comprehensive. The giving of the real and personal property by the same words, shews an intent to give the same interest in both, that is to say an absolute interest, for no man ever doubted that those expressions give an absolute interest in personal property. *Property* signifies the *right* or *interest* which one has in land or chattels. In this sense it is used by the learned and unlearned, by men of all ranks and conditions. We find it so defined in dictionaries, and so understood by the best authors. The *possession* of land may be in one man, the *property* in another. There is *a right* of *possession,* and *a right* of *property.* Every scrivener who draws a conveyance, mentions not only the land itself, but also " the right, title, interest and *property* of the grantor " of, in, and to the same." In common conversation we say that such a house or piece of land is the *property* of such a person. When therefore a man devises *all his real property,* he devises all the right and interest which he has in any lands or real estate. If he has a right in fee simple a fee passes, otherwise the will is not complied with; for if the devisee takes but an estate for life, he does not take *all* but only part of the devisor's property. Many cases were cited on the argument. I think it unnecessary to take particular notice of any of them. It is a principle undeniable, that when the words of a will indicate an intention to pass the whole interest of the devisor, the devisee shall take a fee. Being clearly of opinion that such an intention is indicated by the expressions of this will, it follows that *Steele Semple* took an estate in fee in all the real estate of *Samuel Semple.* The judgment of the Court of Common Pleas must therefore be reversed, and judgment entered for the plaintiffs in error.

YEATES J. absent in consequence of sickness.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment reversed.