## Foster *versus* Stewart.

A testator devised to his brother, his "*land property*," and certain personal property. It was *held*, That the devisee took *a fee simple* in the land *so devised.*

ERROR to the District Court of *Allegheny county*.

This was an ejectment by John K. Foster *v.* Robert Stewart, for an undivided fourth part of 174 acres of land; verdict was rendered for the plaintiff, but judgment was finally rendered *for the defendant* on the point reserved. The right of the plaintiff depended on the question, whether by the will of William Rutherford, *David* Rutherford, the devisee, took an estate for life or in fee. The testator devised as follows:

" I give and bequeath to my brother David, my land property, also my gray horse and my sorrel mare, and to my sister Ann, I leave my bay colt, and my remaining beasts to be sold to pay my lawful debts, and the household furniture, to be equally divided betwixt Adam, Ann, and David. I also leave my large Bible to Ann, and my part of the smith tools and the farming utensils, I leave to David. And I do by these presents, nominate and appoint my brother David Rutherford, and David Glenn, my executors, &c.

(Signed)       WILLIAM RUTHERFORD."

*Dunlop*, for plaintiff in error.

*Woods* and *Loomis*, for defendant.

The opinion of the Court was delivered, Sept. 8, by

CHAMBERS, J.—The only question in this case, is whether an estate in fee simple or for life passed to David Rutherford in the lands devised to him by the will of William Rutherford, his brother. This will, though brief and inartificial, is comprehensive and intelligible, and is as follows: " I give and bequeath to my brother David *my land property*, also my gray horse and my sorrel mare,

and to my sister Ann, I leave my bay colt, and my remaining beasts to be sold to pay my lawful debts, and the household furniture to be divided equally betwixt Adam, Ann, and David; I also leave my large Bible to Ann, and my part of the smith tools and the farming utensils I leave to David."

From this will, it is manifest that David was the chief object of the testator's bounty. To him the testator devises his land property and the greater part of his personalty, and on this devise is raised a question, as to the quantum of estate passed to David by the terms *my land property.* The intention of a testator as disclosed by his will, is the paramount rule of construction; and where conformable to law, that intent is to be effectuated, without regard to form or technical expressions. There must be words indicative of an intention to pass a fee simple in land; yet the law requires no apt words for that purpose, in a will, but such as indicate the intention of the testator, with reasonable certainty, to give his devisee such an estate. That intention is not to be conjectural, but reasonably plain.

If this will were presented to an illiterate man, or one not learned in the law, and he was asked what estate the testator intended to give in the land to his brother David, would he hesitate to reply, that it was all the estate which he the testator had in the land? Why is not the same intent manifest to this Court? The counsel of the plaintiff contends that the terms "my land property" are descriptive only of the object, or kind of property devised, and not the quantum of interest. The term *land* alone would have been sufficient for that purpose, but the testator has added the significant word *property.* Is this word to be disregarded as inoperative in an inquiry as to the intention of the testator as to the estate to be passed? We think not. When a man devises his land property, it is as much as to say all his interest in the subject devised.

Courts have been astute to find a signification of words used by a testator, which can justify or excuse them in giving a fee, where it is plain the testator intended it. The term *property* signifies the *interest* or *right* which one has in lands or chattels; and is as indicative of the intention to pass the whole right of the testator, as the word estate; and more so than the word effects, and many other words which have been allowed by the Courts to be evidence of that intent.

As to the signification and operation of the word *property* in the construction of wills, we are not without precedent. The limited construction given to it in the case of Erasmus Cook, 28 Eliz. *Swinb.* 155, was overruled in England in 1811, in the case of Wall *v.* Langlard, 14 *East* 370, and in Shell *v.* Patterson, 16 *East* 221, where it was held that the word property was large enough to carry the interest in the estate. This Court, near the

same time, gave to the word *property* the like signification and operation in the case of Morrison *v.* Semple, 6 *Binn.* 98, wherein it was ruled that "where a man devises all his real property, he devises all the right and interest he has in any lands or real estate. If he has a right in fee simple, a fee passes." In Stoever *v.* Stoever, 9 *Ser. & R.* 445, the Court say that the devise is of real property, and where it is so applied, *property* is a word large enough to carry the interest in the estate. It is stronger than "all my real and personal effects," which have been construed a fee, *Cooper* 290. There Lord Mansfield said the word effects is synonymous with substance, and property generally is every property which a man has to be enjoyed as his own." In Need *v.* Need, 4 *Rawle* 81, the Court say that the words "property, substance, and many others have been held to pass a fee."

In the case of Jackson *v.* Housel, 17 *Johns. Rep.* 281, Chief Justice SPENCER, in considering the effect of the word property as to giving a fee, cites with approbation the decision of this Court in Morrison *v.* Semple, and says that the terms all my property are extensive, and as comprehensive as all my estate. The word property is a word of not only common signification, but has received by the adjudications referred to a legal construction, in ascertaining the testator's intention which is to be respected.

Our statute of wills in this state will soon relieve the public of the uncertainty that has prevailed in relation to this question; and of the necessity of words to be superadded to *house* or *lands* to pass a fee. Great as was the inclination of the Courts to avail themselves of language and circumstances in a will, to give effect to the manifest intention of the testator and yet maintain the established rules of property, the legislature of the Commonwealth, by positive enactment, have laid down a rule of construction, that, in cases arising since, go beyond the adjudication of the Courts; and furnishes a legislative construction which is imperative, and which it is hoped may be of convenient application and satisfactory operation.

We deem it unnecessary to review the many cases, which the diligent research of the counsel of the plaintiff, has presented to the Court, and who argued the case with ability, but without impairing the confidence of this Court in the construction by the Court below of the will of William Rutherford. In that construction we consider the Court as giving effect to the plain intent of the testator; and in doing so, are supported by principle and abundant authority.

In the opinion of this Court, there is no error in the judgment of the Court below in this case, and the same is　·　Affirmed.