## Ten Eick vs. J. & W. Simpson.

A notice of appeal, to the respondent's solicitor, before the appeal has been actually entered with the clerk of the court, is irregular.

The officer who takes the justification of sureties, should not only examine them on oath as to their pecuniary responsibility, but also as to their residence and other qualifications to become such sureties, according to law and the practice of the court; or he should require an affidavit as to such qualifications.

The affidavit or certificate of justification of sureties, should state that such sureties are freeholders, or householders, in this state, as well as residents therein. A householder is a housekeeper, who is the master or head of a family.

A vice chancellor ought not to approve an appeal bond upon the appeal of a party for whom he was solicitor or counsel, in reference to the subject matter of the appeal, previous to his appointment to office.

A mere formal defect in the notice of appeal, or in the approval of the appeal bond, is amendable, under the provisions of the revised statutes.

THIS was an application by J. Simpson, one of the defendants, to dismiss the complainant's appeal, upon the ground of irregularity. One irregularity complained of was, that the notices of appeal, which were filed and served, were wrongly entitled. The decree was upon a bill filed by the appellant, against J. Simpson and W. Simpson, for the specific performance of a contract, made by the latter, for the conveyance of a lot of land to the complainant, which lot of land was subsequently conveyed to J. Simpson, the other defendant, with notice of the complainant's rights. The assistant vice chancellor decided that the complainant was entitled to a specific performance, and as he had not paid the consideration money for the premises that the defendant J. Simpson was entitled to the same, as the assignee of the rights of W. Simpson under the contract; and a decree was entered in conformity with such decision. The appeal bond was to J. Simpson only, but in the condition thereof it recited an appeal from a decree made in a cause in which Ten Eick was complainant, and J. Simpson and W. Simpson were defendants. But the notices of the appeal, which were served upon the solicitor and the clerk, were entitled " Andrew G. Ten Eick, complainant, v. John Simpson, defendant." And they stated that the

complainant had appealed from the decretal order of the assistant vice chancellor " in the above entitled cause." Notice of the appeal was served upon the solicitor of the respondent on the 10th or 11th of May, and it stated that an appeal bond and notice of the appeal had been filed with the clerk of the third circuit; whereas in fact the appeal bond and notice were not actually filed until some three or four days afterwards.

Further objections to the regularity of the appeal were, that the appeal bond was approved by the vice chancellor of the third circuit, who, before his appointment to the office of circuit judge, had been the solicitor and counsel in the cause before the assistant vice chancellor; and that the affidavit of justification, annexed to the appeal bond, did not state that the sureties therein were *householders.* Affidavits were read, however, in opposition to the application, by which it appeared that one of the sureties was both a freeholder and a householder, and that the other was a freeholder in the county of Delaware, and that jointly with two other persons he rented and occupied in that county, a building at an annual rent of $100.

*J. Rhoades,* for the appellant.

*A. Becker,* for the respondent.

The Chancellor. The notice of the appeal served upon the respondent was undoubtedly irregular, as it was not only wrongly entitled but was also served several days before any appeal whatever had been entered with the clerk of the court; so that if the respondent had searched the office to see if the appeal bond itself was given in the wrong suit, he would not have found an appeal bond in any cause. The affidavit of justification of the sureties was also technically defective, in not stating that they were freeholders in this state, as well as residents therein; or that they were householders; that is, housekeepers and masters, and heads of families. (*Van Wezel* v. *Van Wezel,* 3 *Paige's Rep.* 38.) The rule of this court, which directs the master or other officer who is to approve sureties in any case,

to require such sureties to justify, means that he shall not only examine them on oath as to the extent of their pecuniary responsibility, but also as to their residences and other qualifications to become such sureties, according to law and the practice of the court; or he should require an affidavit as to such qualifications. And if the rule of the court is not complied with in this respect, the proceeding is irregular. In the present case, however, it appears that both the sureties in the appeal bond had the requisite qualifications, the one being a freeholder and the other being a freeholder and a householder also; and both having fixed residences in the state. The irregularity in the justification in this respect was therefore merely technical, and is now remedied by these subsequent affidavits.

I am not prepared to say that any provision of the revised statutes prohibits the vice chancellor from approving the appeal bond, in a case in which he was solicitor or counsel previous to his appointment to office. For his acceptance of the office of circuit judge wholly disqualifies him, under the provisions of the constitution, from holding the office of solicitor or counsel, at the same time. The principle, however, which this court applied to the case of a master who had acted as the counsel for one of the parties in a prior stage of the suit, in the case of *McLaren* v. *Charrier*, (5 *Paige's Rep.* 530,) seems to be equally applicable here. It is the same principle which disqualifies a judge from acting as such, in a cause in which he has been at a previous time the solicitor or counsel of one of the parties. In such cases he should decline to act, in his judicial capacity, in any matter requiring the exercise of judgment or judicial discretion; unless in a case of necessity and to prevent a failure of justice, as in a case where there is no other judicial officer who has the power to do the act required to be done by him.

None of the defects in this appeal, however, are of such a nature as not to be amendable under the provisions of the revised statutes. But as the time for appealing has not expired, the bringing a new appeal will be equally beneficial to the complainant, and will not add to the expense. The appeal must

therefore be dismissed with $15 costs; but without prejudice to the right to bring a new appeal, if the complainant shall be advised to do so, after the intimation of the opinion of the court, upon the merits of the appeal, which was given upon the argument of this motion.