### HIGBE *vs.* LEONARD.

Although a husband is related by affinity to all those to whom his wife is related by blood, and on the other hand the wife is of affinity to all her husband's blood relations, yet the *consanguinei* of the husband are not at all related to the *consanguinei* of the wife.

Hence, in a suit in a justice's court, where the brother of the justice was the husband of the plaintiff's sister, *it was held* that the justice was not disqualified from taking jurisdiction of the cause.

ERROR to the Chemung common pleas. Higbe sued Leonard before a justice of the peace in assumpsit, and the defendant pleaded non-assumpsit. After a trial before the justice, he rendered a judgment for the plaintiff for $18 damages, and costs. Leonard brought a *certiorari* to the common pleas, and assigned for error in fact, that a brother of the justice had intermarried with a sister of the plaintiff, and that another brother of the justice had intermarried with another sister of the plaintiff, it being alleged that such marriages had taken place before the commencement of the suit before the justice, and that the persons so connected were still living. The plaintiff put in a joinder, *in nullo est erratum.* The common pleas reversed the justice's judgment for such alleged error.

Higbe *v* Leonard.

*N. W. Davis,* for the plaintiff in error, cited *Pierce* v. *Sheldon,* (13 *John. R.* 191;) *Eggleston* v. *Smiley,* (17 *id.* 133 ;) *Foot* v. *Morgan,* (1 *Hill,* 654;) *Coxe's Rep.* 46 ; 7 *Cowen,* 479, *note* (*a*).

*G. S. Camp,* for the defendant in error, cited 2 *R. S.* 275, § 2; *Edwards* v. *Russel,* (21 *Wend.* 63;) *Foot* v. *Morgan, supra ; Mounson* v. *West,* (1 *Leon.* 88;) 2 *Bl. Com.* 206; 3 *id.* 363; *Co. Litt.* 156. (*a*).

*By the Court,* JEWETT, J. "No judge of any court can sit as such in any cause, to which he is a party, or in which he is interested, or in which he would be excluded from being a juror by reason of consanguinity or affinity to either of the parties." (2 *R. S.* 275, § 2.) It has been held by this court that the statute extends to a justice of the peace sitting on the trial of a civil cause. (*Edwards* v. *Russell,* 21 *Wend.* 63; *Foot* v. *Morgan,* 1 *Hill,* 654.) Consanguinity is not pretended between the justice and either of the parties, but it is insisted that there is an *affinity* by marriage between the plaintiff and the justice, which disqualified him, and such as would have excluded him from being a juror between the parties to this suit. The record shows, that two brothers of the justice intermarried with two sisters of the plaintiff, and that all were living. "*Affinity,*" according to *Gibs. Cod.* 412, (1 *Bl. Comm.* 435, *note* (9) *by Christian,*) "always arises by the marriage of one of the parties so related. A husband is related by affinity to all the *consanguinei* of his wife, and *vice versa,* the wife to the husband's *consanguinei ;* for the husband and wife being considered one flesh, those who are related to the one by *blood,* are related to the other by *affinity.*" "But the *consanguinei* of the husband are not at all related to the *consanguinei* of the wife." If this rule be correct, and I think it is, although the justice was related by affinity to the two sisters of Higbe the plaintiff, there was no such relation between him and Higbe. The judgment of the common pleas must be reversed, and that of the justice affirmed.(*a*)

Ordered accordingly.

(*a*) See *Carman* v. *Newell,* (*ante,* 25.)