### HAWLEY *against* BALDWIN:

#### IN ERROR.

*A*, as judge of probate, appointed *B* to be one of the commissioners on the estate of *C*, assigned in trust for his creditors; *A* and *B*, being inhabitants of the town of *N*, and owners of taxable estate therein. That town, at the same time, was beneficially interested in a claim, held by *D*, as trustee, against the assigned estate of *C*. After this claim had been acted on and allowed, by the commissioners, and was, with other claims allowed, included in their report, *D*, in pursuance of an arrangement effected by him, withdrew such claim, and thereupon it was struck out of the report, and was never acted upon, by the court of probate. On an appeal from the decrees of probate, appointing commissioners and accepting their report, by *E*, a creditor of the assigned estate, whose claim had been disallowed, it was held, 1. that the statute disqualifications of judges, were applicable to this case; 2. that the beneficial interest of the town in the claim held by *D*, was a disqualifying interest; 3. that the withdrawal of the claim of *D*, after the claims of *E* and other creditors had been acted on, did not remove the disqualification; consequently, that neither the judge nor the commissioner, had jurisdiction of the matters so before them, respectively.

THIS was an appeal from a decree of the judge of probate, for the district of *Newtown*, passed on the 9th of *May*, 1846, appointing *Nelson L. White*, of *Danbury*, and *Samuel B. Peck*, of *Newtown*, commissioners to receive, examine and adjust the claims of the creditors of *Lemuel H. Sherman*,

who had assigned his estate to *David V. B. Baldwin,* in trust, for his creditors ; and from a decree of the same court, passed on the 19th of *February,* 1847, denying the application of *Ferris H. Hawley,* to set aside such appointment of commissioners, with all their proceedings, and to appoint other commissioners, and accepting the report of such commissioners.

The facts alleged in the reasons of appeal, and found by the superior court, are the following. *Hawley,* the appellant, claiming that *Sherman,* at the time of his assignment, was justly indebted to him, by a promissory note, for 400 dollars, with interest, and by book, in a large sum, presented these claims to said *White* and *Peck,* so appointed commissioners, within the time limited for that purpose ; which claims the commissioners disallowed and rejected. *Theophilus Nichols,* Esq., the judge of probate, who passed the decrees appealed from, and *Samuel B. Peck,* appointed one of the commissioners, were, at the time of the assignment, and ever since have been, inhabitants of the town of *Newtown,* and owners of real and personal estate therein liable to be taxed by that town ; but neither of them was a creditor of *Sherman,* or otherwise interested in the estate assigned. *David H. Belden,* Esq. claimed, that *Sherman,* at the time of his assignment, was justly indebted to him, in a large sum of money, by virtue of a written instrument, dated *February,* 9th, 1846, executed by *Sherman,* in these words : "Value received, I hereby agree to pay the interest on a note of *Alfred Walker,* to the *Newtown* deposit fund, up to *October* next, and the taxable costs on a petition to foreclose the premises of said *Walker,* brought to the superior court, *February* term, 1846. *Newtown, February* 9th, 1846. *Lemuel H. Sherman.*" This claim, being presented to the commissioners, was received and acted on, by them, and the sum of 144 dollars, 27 cents, was allowed thereon, and included in the report of the commissioners ; but before such report was accepted by the court of probate, an arrangement was made, in pursuance of which, the claim so allowed was withdrawn, and struck out of the report. The town of *Newtown* was beneficially interested in the sum due, by virtue of said instrument ; as whatever sum should be received on such claim from the estate assigned, would have been held, by Mr. *Belden,* in trust, for that town.

*Fairfield,*
June, 1849.

Hawley
*v.*
Baldwin.

After the appointment of *Peck,* as a commissioner, and while he was acting in that capacity, he was duly appointed, and has ever since been, administrator on the estate of *Henry W. Tucker,* deceased, one of the late firm of *Beecher & Tucker,* to whom, as partners, *Sherman* was indebted, by a promissory note; and after the death of *Tucker, Beecher,* the surviving partner, presented this note, as a claim against *Sherman's* estate, to the commissioners, *White* and *Peck,* and was by them allowed, and included in their report to the court of probate.

The superior court decided, that these facts were insufficient to authorize a reversal of the decrees appealed from, and affirmed them. The appellant thereupon filed his motion in error, bringing the case before this court for revision.

*Hawley* and *Sturges,* for the plaintiff in error, contended, 1. That *Theophilus Nichols,* the judge of probate, was interested in the assigned estate, and thereby disqualified to act in the appointment of commissioners. He was an inhabitant of *Newtown;* and that town was beneficially, if not legally, interested in the claim presented, by Mr. *Belden,* to the commissioners. Now, in the first place, a beneficial interest in a judge, is sufficient to disqualify him. *Sigourney* v. *Sibley,* 21 *Pick.* 101. 105. Secondly, with reference to the question of jurisdiction, in this case, *Nichols* is to be considered as *the* creditor or claimant. *Wood* v. *Hartford Fire Ins. Co.,* 13 *Conn. R.* 202. 210. *Winchester* v. *Hinsdale,* 12 *Conn. R.* 88. *Beardsley* v. *Smith,* 16 *Conn. R.* 368. *Tomlinson* v. *Leavenworth,* 2 *Conn. R.* 292. 297. *Barre Turnpike Co.* v. *Appleton,* 2 *Pick.* 430. 434. *English* v. *Smith,* 13 *Conn. R.* 221. *Commonwealth* v. *Worcester,* 3 *Pick.* 462. 471. *Merrills* v. *Berkshire,* 11 *Pick.* 269. 273. Thirdly, a claimant against an assigned estate, has a disqualifying interest, in regard to that estate. *Rev. Stat.* 212. *Pearce* v. *Atwood,* 13 *Mass. R.* 324. 341. *Hesketh* v. *Braddock,* 3 *Burr.* 1847. *Commonwealth* v. *Worcester,* and *Sigourney* v. *Sibley, ubi supra.* Fourthly, the presumption is, that *Nichols* had knowledge of his interest; but if he had not, he was still disqualified. *The Queen* v. *Justices of Hertfordshire,* 6 *Ad. & Ell. N. S.* 753. (51 *E. C. L.* 753.)

2. That *Samuel B. Peck* was disqualified to act as com-

missioner. In the first place, he also was an inhabitant of *Newtown*, and as such, was interested in the claim belonging to that town. Secondly, the same interest which is sufficient to disqualify a judge, will disqualify a commissioner. His duties are *judicial. Stoddard* v. *Moulthrop*, 9 *Conn. R.* 502. *Smith* v. *English*, 13 *Conn. R.* 221. Thirdly, the disqualifying interest in *Peck*, existed at the time the decree appointing him was passed ; for the assignment is presumed to have been accepted, by all the creditors, and especially the corporation creditors. *United States Bank* v. *Dandridge,* 12 *Wheat.* 75, 6, 2 *Sto. Eq.* §1036. *a.* 1037. n. (1.) Fourthly, it can make no difference, in this case, that the town claim was *withdrawn,* before the commissioners' report was accepted. The appellant complains, that one of the commissioners was interested, when they acted on *his* claim ; and at that time, the town claim was not withdrawn. *The Queen* v. *Justices of Hertfordshire,* cited *ante. Clark* v. *Hoskins*, 6 *Conn. R.* 106. Fifthly, *Peck* would have been interested, if the town claim had not been presented at all. The existence of a claim in favour of the town against the assigned estate, gave them a right to appeal from the decrees of probate, at any time. *Smith* v. *English,* 13 *Conn. R.* 221.

3. That the interest of *Peck*, as administrator of *Tucker's* estate, disqualified him to act as a commissioner.

*Dutton* and *Treat,* for the defendant in error, after remarking, that the objections against the commissioner, *Peck,* included those against the judge who appointed him, contended, 1. That *Peck* was not disqualified, by reason of the claim presented by *Belden* against *Sherman's* estate. In the first place, the claim of *Belden* was not presented as a claim in favour of the town of *Newtown*, but on *his own account,* and for his own benefit, and to be allowed, in his own name. It does not appear from the writing itself, that the town had any interest therein ; nor does it appear from the case, that the judge or commissioner had any knowledge of any such interest. Secondly, the mere existence of a claim against an assigned estate, gives the creditor no interest in the estate, unless he elects to share in the estate. 2 *Sto. Eq.* §1036. *b.* Thirdly, the appellant is bound to show a *valid* claim in

favour of the town; otherwise, any person might set up a claim as trustee for the town, and oust the judge of jurisdiction. But the claim in question was invalid, as there was no promisee and no consideration. Fourthly, the claimant may, at any time, before the acceptance of the report of commissioners, *withdraw* his claim; and on notice to the commissioners of such withdrawal, they would be guilty of a breach of duty, unless they should correct their report accordingly. Fifthly, the withdrawal of a claim from the commissioners, concludes a creditor from claiming any interest in the estate.

2. That the commissioner, *Peck*, was not disqualified, by reason of his being the administrator of *Tucker's* estate. In that capacity, he was a mere trustee, without interest.

HINMAN, J. The question in this case, is, whether the judge of probate for the district of *Newtown*, and a commissioner appointed by him, were disqualified from acting in the settlement of the assigned estate of *Lemuel H. Sherman.*

The judge and commissioner were both inhabitants and tax-payers of the town of *Newtown;* and that town was beneficially interested in the assigned estate of said *Sherman*, to the extent of 144 dollars, 27 cents, the amount of a claim presented to the commissioners, by and in the name of *David H. Belden*, Esq., arising from said *Sherman's* agreement, to pay the interest on *Alfred Walker's* note, to the town deposite fund, and certain costs on an application to foreclose the mortgage given to secure that note.

The provisions of the statute regarding the disqualifications of judges, have been held to be applicable to commissioners on insolvent and assigned estates; and in a late statute, it is provided, that whenever any judge of probate, shall be interested in any assigned estate, as a creditor, or otherwise, he shall be disqualified. *Stoddard* v. *Moulthrop,* 9 *Conn. R.* 502. *English* & al. v. *Smith,* 13 *Conn. R.* 221. *Rev. Stat.* 212. *tit.* 5. §59.

It can make no difference, in respect to the disqualification of the judge and commissioner, in this case, that the town was only beneficially interested in the claim presented by Mr. *Belden.* A beneficial interest is as great a disqualification, as a strict technical interest; it will have the same operation upon the mind of a judge. Besides, the statute

speaks of interest generally, as a disqualification ; and it would be contrary to its express provisions, as well as to numerous decided cases, to limit it to cases where the judge has a legal interest, which he can pursue in his own name.

It is said, however, that after this claim was acted upon, and allowed, by the commissioners, and they had reported it as allowed, with the other claims against the estate, Mr. *Belden* withdrew the claim, and the commissioners thereupon erased it from their report, before it was acted upon by the judge of probate ; and it is insisted, that this is, in some way, to operate as an answer to the want of jurisdiction in the judge and commissioner.

We are satisfied, that these facts do not vary the case. The judge was interested in the estate, at the time he appointed the commissioners ; and being interested, he had no jurisdiction to make the appointment. The commissioner, too, was interested, during the whole time that he was acting upon other claims against the estate ; and was under as great a bias against their allowance, as he was in favour of the claim, in which he had an interest. No subsequent act can, therefore, restore jurisdiction to the judge or commissioner ; their acts were void.

The great complaint of the appellant is, that he had a valid claim against the estate, which ought to have been allowed ; but was disallowed, in consequence, as he says, of the bias of the commissioner in favour of the claim of *Newtown ;* and we do not see how this argument can be resisted. In *Sigourney* v. *Sibley,* 21 *Pick.* 101., it was held, that where a judge of probate had a claim against the estate of a deceased person, which he had determined not to enforce, he was nevertheless interested, as a creditor of the estate ; and that his granting administration was therefore void, for want of jurisdiction. So, it was held, that if one of the magistrates hearing a case at sessions, is interested in the result, the court is improperly constituted ; and that it is no answer to the objection, that there was a majority in favour of the decision, without the vote of the interested party ; nor even that the interested party withdrew, before the decision, if it appear, that he joined in discussing the matter with the other magistrates. *The Queen* v. *The Justices of Hertfordshire,* 6 *Ad. & Ell. N. S.* 753.   (51 *E. C. L.* 753.)

It appears from the finding, in this case, that the commissioner, who was disqualified in consequence of his being an inhabitant of *Newtown*, was also, during the time he was acting as commissioner, an administrator on the estate of *Henry W. Tucker ;* and that said *Tucker's* estate was interested in a claim against the estate of said *Sherman ;* but, as we are satisfied, for the reasons above stated, that both the commissioner and the judge of probate were disqualified from acting, on other grounds, it is not necessary to determine whether this objection ought also to prevail. The decision of the superior court must be reversed.

In this opinion the other Judges concurred.

Judgment reversed.