JOHN F. MOSES & A., EXR'S *v.* LUKE JULIAN & UX., APP'TS.

Where a judge is prohibited by statute to sit in a cause under certain circumstances, he has no jurisdiction, and his proceedings are void.

Generally, the proceedings of a judge, in cases where there is, at common law, just ground of exception to him, as being interested, related to the parties, or having been counsel, or the like, are erroneous; voidable, not void, except in the case of inferior tribunals, where error or appeal does not lie.

A judge of probate, who has written a will, is disqualified to sit upon the probate of it; but, upon appeal, the will may be proved in the court above.

The will written by a judge of probate, and executed under his direction, though in violation of law, is not void.

Theodore Moses, on the 16th day of September, 1861, made his will, and on the 16th of June, 1862, executed a codicil annexed to it, and subsequently died.

At the court of probate, held at Exeter, on the         day of 1863, for the County of Rockingham, the will was presented for probate by two of the executors named in it, the third having declined to act, and on the 14th day of January, 1863, it was proved and approved as said Moses' last will.

On the 26th day of February, 1863, the appellants, Luke Julian and his wife, Abigail T. Julian, who was a daughter, and one of the heirs at law of said Moses, claimed an appeal from the decree of the Judge of Probate, which was allowed, and was entered at the next term of the Supreme Judicial Court for said County, and at the June term, 1863, the executors acting, came into court and moved that the said instrument may be proved as the last will of said Moses.

Thereupon the appellants plead that the same ought not to be approved and allowed as aforesaid : I. Because, they say, that at the time of making and executing said instrument by said Theodore Moses, bearing date on said 16th day of September, 1861, it had no seal upon it; and this, &c., and issue was joined.   II. Because, they say, that the Judge of Probate for said County of Rockingham was of counsel, and advised said Theodore Moses in relation to said paper, or instrument, dated on the 16th day of September, 1861.   III. And because the Judge of Probate for the County of Rockingham wrote said instrument, and thereby being interested, approved and allowed said instrument, dated September 16th, 1861, in his official capacity.   To the two last pleas there was a general demurrer.   And, IV, because said instrument being indefinite and uncertain, is void ; to this plea there is an issue to the country.

*Shapleigh & Christie*, for appellees.

*Bell, Small, Clark & Bachelder*, for appellants.

BELL, C. J.   The most perfect integrity that can be in judges is no hindrance why the parties, who have causes depending before them, may not challenge them, or except against them, and why they ought not, of their own accord, to abstain from hearing causes in which they may have some interest, or where there may be some just ground for suspecting

them, and they themselves are obliged to declare the causes which may render them suspected, if the parties are ignorant of them; for although a judge may be above the weakness of suffering himself to be biased or corrupted, and may have resolution enough to render justice against his own relations, and in the other cases where it may be lawful for the parties to except against the judges, yet they ought to mistrust themselves, and not draw upon themselves the just reproach of a rash proceeding, which would be in effect a real misdemeanor. Domat Pub. Law, Lib. 2, Tit. 1. sec. 2. 14.

The judge, who is satisfied that he is legally disqualified to act in a case, ought not to wait until the parties object to him, but should refuse to hear the cause, by an entry on the docket that he does not sit in the case. *Edwards* v. *Russell,* 21 Wend. 64; *Paddock* v. *Welles,* 2 Barb. 333; *Steamboat Co.* v. *Livingston,* 3 Cow. 724; *Ten Eyck* v. *Simpson,* 11 Paige 179; *Great Charte* v. *Kensington,* 2 Stra. 1173; Bouvier Law Dict'y, Art. "Judge;" Pothier, Pro. Civ. ch. 2, sec. 5. This is the immemorial practice of the courts, and of constant occurrence. *Regina* v. *Justices,* 14 E. L. & E. 93; S. C. 16 Jur. 612.

As the judge is not supposed to know anything of the cases to be tried until the trial is commenced, unless by accident, it may often happen that he knows nothing of any cause of disqualification. It is, therefore, the right and duty of the party who desires to object to, or recuse a judge, as he has a right to do, (2 Dom. 559) to make his objection by a petition to the court, setting forth the facts on which he relies as a disqualification, and requesting that the judge would not sit on the trial of the case. Just. Code L. 1, Tit. 1, 16. Voet ad Pand. L. 5, Tit. 1, 43. The facts being unquestioned, the judge may cause the entry to be made that he does not sit. If the facts alleged are not admitted by the judge, or are denied by the adverse party, it is the duty of the party objecting to lay before the court the proof of their truth, upon which the other judges, if others are present, will decide, or the judge, or justice, if alone, will decide. Pothier, *ub. sup.*

A judge ought not to withdraw upon a mere suggestion, unless the cause of recusation is true in fact, and sufficient in law; because the office of judge is one necessary for the administration of justice, and from which a judge should not be permitted to withdraw without sufficient grounds. Pothier, *ub. sub.*

The judge recused for good cause should leave the bench when the case is tried or heard, if other qualified judges are present to conduct the trial, or hear the case; *Regina* v. *Justices,* 14 E. L. & E. 93; though it is usual for him to take a seat by his counsel, where he has an interest in the cause.

If the judge recused is the sole judge present at the term, he may make all such orders as are merely formal, or as are necessary for the continuance of the cause to a future term, at which a qualified judge may be present. *Ten Eyck* v. *Simpson,* 11 Paige 179; *People* v. *Spaulding,* 3 Barb. Ch. 326; *Buckingham* v. *Davis,* 9 Md. 324; *Haydenfeldt* v. *Towns,* 27 Ala. 243; *State* v. *Collins,* 3 Wis. 330.

If the sole judge is satisfied that the ground of recusation is well

founded, he should decline to act in the case, and dismiss it. *Edwards* v. *Russell*, 21 Wend. 68.

If the facts are known to the party recusing, he is bound to make his objection before issue joined, and before the trial is commenced, otherwise he will be deemed to have waived the objection, in cases where a statute does not make the proceedings void. *Adams* v. *State*, 6 Eng. 466; *Shropshire* v. *State*, 7 Eng. 190.

After a trial has been commenced no attempt to recuse a judge will be listened to, unless it is shown affirmatively that the party was not aware of the objection, and was in no fault for not knowing it. Voet ad Pand. L. 5, Tit. 2, 48; *Peebles* v. *Rand*, 43 N. H. 342.

Except in cases where a statute forbids it, *Oakley* v. *Aspinwall*, 3 Comst. 547, the parties, by a joint application to the judge, suggesting the ground of recusation, expressly waiving all objection on that account, and requesting him to proceed with the trial or hearing, signed by them, or their attorneys, may give full power to the judge to proceed, as if no objection existed. *Paddock* v. *Welles*, 2 Barb. 333; Pothier Pro. Civ. ch. 2, sec. 5; see *Walker* v. *Rogan*, 1 Wis. 597. This is denominated in civil and Scotch law *prorogated jurisdiction*, Ersk. Inst. Tit. 2, sec. 27; Dig. V. 1, 11; 1 Hein. ad Pand, Lib. II. Tit. 1, sec. 252; and a tacit prorogation is inferred against a plaintiff who brings his cause before a judge who is known to him to be disqualified to try it, and against a defendant, who, knowing the existence of just grounds of recusation, appears and without objecting offers defences in the cause, either dilatory or peremptory. 1 Hein. ad Pand. L. II, Tit. 1, sec. 255; Ersk. Inst. Tit. 2, sec. 27; *Platt* v. *N. Y. &c.*, 26 Conn. 544; *Groton* v. *Hurlburt*, 22 Conn. 178; *Walsh* v. *Collinger*, Cro. El. 320; *Ellsworth* v. *Moore*, 5 Clark, Iowa 486; *Regina* v. *Cheltenham Comr's*, 12 B. 467; *Baldwin* v. *Calkins*, 10 Wend. 167. But a party, who has once properly declined the jurisdiction of a judge, will not be deemed to have waived it by any subsequent defence. Ersk. Inst. Tit. 2, 27.

At common law the recusation of a judge does not affect the jurisdiction, but is merely ground to set aside the judgment on error, or appeal. *Dimes* v. *Grand Junction Canal*, 17 Jur. 73; S. C. 16 E. L. & E. 63; *Gorrill* v. *Whittier*, 3 N. H. 268; *Hesketh* v. *Braddock*, 3 Burr 1847; Jenk. 90 pl. 74; 14 Vin. Ab. 573, pl. 28, except in cases of inferior tribunals, where no writ of error or appeal lies. The language of statutes may be such as to render the proceedings void. *Higbee* v. *Leonard*, 1 Denio 186; *Davis* v. *Alden*, 11 Pick. 466; *Coffin* v. *Pottle*, 9 Pick. 287; *Sigourney* v. *Sibley*, 21 Pick. 101; *Gay* v. *Minor*, 3 Cush. 352; *Foot* v. *Morgan*, 1 Hill 654; *Bacon Appt.*, 7 Gray 391; otherwise in courts of common law jurisdiction they are generally voidable only. *Cottle Appt*, 5 Pick. 483 : *Edwards* v. *Russell*, 21 Wend. 63; *Haydenfeldt* v. *Towns*, 27 Ala. 423.

The 35th article of the Bill of Rights of New Hampshire declares that "it is essential to the rights of every individual, his life, liberty, property and character, that there should be an impartial interpretation of the laws and administration of justice." And "it is the right of every citizen to be tried by judges as impartial as the lot of hu-

manity will admit." This is but the expression of a well known rule of universal justice everywhere recognized, which the people of this State were anxious to secure as far as possible from all doubts, or possibility of legislative interference. It is one of the great principles of the common law, for which the people of England had struggled for ages, and which they ultimately succeeded in establishing against the strenuous efforts of a tyrannical government. We can have no higher authority than this for denouncing as illegal everything which interferes with the entire impartiality of every legal tribunal.

I. No man ought to be judge in his own cause, is a maxim aimed at the most dangerous source of partiality in a judge. *Peck* v. *Freeholders, &c.,* 1 N. J. 656; *Hawley* v. *Baldwin,* 19 Conn. 585; *Russell* v. *Perry,* 14 N. H. 132; *Allen* v. *Bruce,* 12 N. H. 418; Dig. I. 1, *de jurisdictione;* 1 Broke Ab. 177, Conusans 27; Broom's Maxims 84; Co. Litt. 141, a; Litt. sec. 212; Derby's case, 12 Rep. 114; Dig. L. 5, T. 1. 17. It is not necessary that a judge should be a party to the cause to create this disqualification. If he is interested in a suit brought in another's name, he is equally disqualified. *Foot* v. *Morgan,* 1 Hill 654: *Wright* v. *Crump,* 2 Ld. Ray. 766.

Any the slightest pecuniary interest in the result, not merely possible and contingent, *Steamboat Co.* v. *Livingston,* 4 Cow. 724; *Hawes* v. *Humphrey,* 9 Pick. 350; *Wilbraham & Co., Comr's,* 11 Pick. 322; *Danvers* v. *County Comr's,* 2 Met. 185; *Peck* v. *Freeholders, &c.,* 1 Spencer 457; *Northampton* v. *Smith,* 11 Met. 390; though merely as trustee, or executor, *Knight* v. *Hardeman,* 17 Geo. 253; and though indemnified, *Oakley* v. *Aspinwall,* 3 Comst. 547; even the interest which would in former times have disqualified a party to be a witness, will be quite sufficient, *Smith* v. *C. & M. R. R.,* 36 N. H. 492; Derby's case, 12 Co. 114; 1 Rolls. Ab. 491, 2; *Day* v. *Savadge,* Hob. 87; *Ranger* v. *Gt. W. R. R.* 27 E. L. &E. 35; *Baldwin* v. *McArthur,* 17 Barb. 414.

The members of partnerships and corporations, Voet ad Pand. L. 5, Tit. 2. 45; *Washington Ins. Co.* v. *Pierce,* 1 Hop. 1; *Place* v. *Butternuts, &c.,* 28 Barb. 503; Dig. 49, 4, 11; Poth. Pro. Civ. ch. 2, 55; though their interest may be very trifling, *Gregory* v. *C. C. & C. R. R.,* 4 Ohio N. S. 675, are nevertheless disqualified, *Northampton* v. *Smith,* 11 Met. 390; Pet. of Nashua, 12 N. H. 425; except in cases where a party is a mere inhabitant of a public municipal corporation, as a town or county, entitled to receive the fines and costs imposed on offenders. In such cases the members of such corporations are not disqualified, either as judges or jurors, *London* v. *Wood,* 12 Mod. 686; *Northampton* v. *Smith,* 11 Met. 390; *Hills* v. *Wells,* 6 Pick. 104; *Justices* v. *Fenniman,* Coxe 190; *Com.* v. *Emery,* 11 Cush. 486; *Com.* v. *Burding,* 12 Cush. 506; *Com.* v. *Tuttle,* 12 Cush. 506; *Corwei* v. *Hames,* 11 John. 76; *Wood* v. *Rice,* 6 Hill 58.

Generally an interest in the question, as distinct from a pecuniary interest in the result of the cause, is no valid ground of recusation, *Northampton* v. *Smith,* 11 Met. 390; Poth. Pro. Civ. ch. 2, sec. 5; *People* v. *Edmands,* 15 Barb. 529. To this, however, there is an excep-

tion; where the judge has a law suit pending or impending with another person, which rests upon a like state of facts, or upon the same points of law, as that pending before him; this is a valid disqualification. *Davis* v. *Allen*, 11 Pick. 466; Ersk. Inst. Tit. 2, 26; Poth. *ub. sup.;* Voet ad Pand. L. 5, T. 1, 44.

II. Relationship or affinity to either party in interest, though only a stockholder in a corporation, *Place* v. *Butternuts*, &c., 28 Barb. 503, or not party to the suit, *Foot* v. *Morgan*, 1 Hill 654, is a cause of recusation by either, *Steamboat Co.* v. *Livingston*, 3 Cow. 724; *Kelley* v. *Hackett*, 10 Ind. 299; Poth. Pro. Civ. ch. 2, sec. 5; Dig. 47, 10, 5; Code du Pro. Civ. 378; Ersk. Inst. T. 2, 33: Durand's Spec. Juris. 19, in civil matters to the fourth degree at least, that is, to cousins german inclusive, *Sanborn* v. *Fellows*, 22 N. H. 473; *Bean* v. *Quimby*, 5 N. H. 98; *Gear* v. *Smith*, 9 N. H. 63; Voet ad Pand. L. 5, T. 1, 45. In many jurisdictions the exclusion extends much further, *Oakley* v. *Aspinwall*, 3 Comst. 547; Voet ad Pand. *ubi sup*; *People* v. *Cline*, 23 Barb. 200; *Post* v. *Black*, 5 Denio 166.

The judge, whose wife is related, by blood or affinity, to a party, is recusable, as if he were of the same relationship himself, and, *vice versa*, the judge related, by blood or affinity, to the wife of a party, is disqualified as he would be if related in the same degree to the party himself, *Paddock* v. *Wells*, 2 Barb. 333; *Carman* v. *Newell*, 1 Denio 25; Cod. Civ. Pro. 378; Poth. Pro. Civ. ch. 2, sec. 50; but the *consanguinei* of the husband are not at all related to the *consanguinei* of the wife, as where the justice's brother married the plaintiff's sister, the justice was held related to the plaintiff's sister, but not at all to the plaintiff, *Higbe* v *Leonard*, 1 Denio 186. The affinity, and the recusation which results from it, is extinguished when the marriage, which forms it, is dissolved, and there remain no issue of the marriage. *Cain* v. *Ingham*, 7 Cow. 478, and note; *Foot* v. *Morgan*, 1 Hill 654; see 12 Conn. 88; 17 John. 133. The judge is none the less recusable, though related by blood, or marriage, in the same degree to both the parties. Ersk. Inst. T. 2, 26; Poth. Pro. Civ. ch. 2, sec. 5.

The disability resulting from relationship is held by the civil law to extend much further, where from the absence of nearer relatives, the judge and party stand in the relation of heirs presumptive to each other, and this rule seems to us founded in good reason, Voet ad Pand. L. 5, T. 2, 45.

III. The friendly or hostile relations existing between a judge and one of the parties, may be good ground of recusation, Voet *ub. sup.*

Of the first class, there are various circumstances referred to as examples indicating a state of feeling inconsistent with impartiality, as where the judge has received himself, or his near relative, important benefits or donations from one of the parties, Poth. *ub. sup;* where the relation of master and servant exists between the judge and a party, Poth. *ub. sup.*; *Smith* v *Boston*, &c., *R. R.*, 36 N. H. 492; or where the relation of protection and subjection exists between the judge and a party, as in the case of a guardian and ward, Poth. *ub. sup.*, *Qui jurisdictioni præest neque sibi jus dicere debet, neque uxori vel lib-*

*eris suis, neque libertis vel caeteris quos secum habet,* Dig. 2, 1, 10; Ersk. Inst. Tit. 2, sec. 26; 1 Rolls Ab. 492; 6 Vin. Ab. 1, Connusance, O. It is a good cause to remove a plea, that the bailiff, who is the judge, is *of the robes* of the plaintiff, 12 H. 4, 13; S. C. Br. cause de remover, pl. 13.

But a creditor, lessee, or debtor, may be judge in the case of his debtor, landlord, or creditor, except in cases where the amount of the party's property involved in the suit is so great that his ability to meet his engagements with the judge may depend upon the success of his suit, Poth. *ub. sup.*

Enmity, indicated by threats verbal or written, pending, or shortly preceding the suit, Voet and Pothier, *ub. sup.*, or otherwise, *Turner* v. *Com.*, 2 Met. Ky. 619, and a lawsuit pending between a judge and a party, are good causes for recusation. Generally, such a' lawsuit between a party and the nearest relative of the judge is not sufficient cause of recusation, though ·this may depend upon the state of feeling between the judge and the party, to which the lawsuit has given rise. The bitterness of feeling resulting from a lawsuit is supposed to subside when the lawsuit has terminated. A party cannot disqualify a judge to sit in his case by bringing an action against him after the principal suit is commenced.

Under this head falls the class of cases where a judge has a bias, or prejudice in favor of, or against, one of the parties. Such bias caused by hearing an ex parte statement of the facts of a case would be a disqualification to try it. A judge, anxiously on his guard to hear nothing of the cases which may come before him, except what is said in court and in presence of the adverse party, may yet find that he has been imposed upon by artful statements designed to create a prejudice in his mind relative to the case. In such a case he may well decline to sit in the case. *Williams* v. *Robinson*, 6 Cush. 334; Rev. Stat. ch. 176, sec. 22; Stat. 1855, ch. 1659, sec. 23.

Among this class of disabilities is that chiefly in question in this case, the fact that the judge, as is alleged, has acted as counsel for the party in the same cause; which has always been held everywhere to justify the suspicion and belief that, however upright he may be, he cannot avoid favoring the cause of his late client. It is consequently everywhere a just cause for the judge to withdraw, or for the party to recuse him. *Ten Eyck* v. *Simpson*, 11 Paige 179; *McLaren* v. *Cheney*, 5 Paige 532; Pothier and Voet *ub. sup;* Louisiana Code of Practice 159; Code Civ. Pro. 178; *State* v. *House*, 28 Miss. (7 Jones) 233; Dig. 47, 10, 5.

Our own reports abound with entries that ―――― J., having been of counsel, did not sit, and the dockets furnish evidence abundant that the law which called for such entries was recognized and acted upon long before we had reports, and see *Regina* v. *Justices*, 14 E. L. & E. 93; *Smith* v. *Smith*, 2 Greenl. 408; *Whicher* v. *Whicher*, 11 N. H. 348; that one who has acted as counsel in taking depositions cannot act as a magistrate in taking others. ·

And our statute, which forbids any justice of the Supreme Judicial

Court to sit upon the trial of any cause in which he has been concerned as party, or attorney, and forbids him to act as attorney, or to be of counsel, or to give advice in any matter which in the ordinary course of proceedings may come before the court of which he is justice, for adjudication, Stat. 1855, ch. 1659, sec. 23, must be regarded as a legislative recognition of the common law, applicable to all judges and judicial officers.

This objection is purely personal. It has no application to the case of near relatives of the judge having been counsel, Voet *ub. sup.*, nor to the judge having been counsel in any other case, but it will be held valid where the cause is substantially the same, though it may not be precisely identical.

It seems to us very clear, that, *a fortiori*, the acting as advocate and giving of counsel in a case, whence a cause in court may spring up, after the judge has received his appointment, must be good cause of disqualification as a judge, independent of any statutory enactment. It is the fact that the judge has acted as attorney, counsel, law adviser, or advocate, in relation to the business in hand, that furnishes the just cause of exception, without reference to the time when such aid or counsel was given.

We have, then, to turn our attention to the constitutional and legal provisions bearing on this subject, to see how far, and with what effect, they bear upon the case, of which the principal question presented to us upon these pleadings is, how far the validity of a will, and the judicial powers of a judge of probate, are affected by the fact alleged that the judge of probate, in whose court the will must be proved, wrote the will, and counselled and advised the testator as to its form and execution.

The constitutional provisions bearing upon this subject are as follows : Part II, Art. 79—"No judge of any court, or justice of the peace, shall act as attorney, or be of counsel to any party, or originate any civil suit in matters which shall come or be brought before him as judge, or justice of the peace." Art. 81—"No judge, or register of probate, shall be of counsel, act as advocate, or receive any fees as advocate, or counsel, in any probate business which is pending, or may be brought into any court of probate in the county of which he is judge or register."

It is urged that to write a will is neither to be of counsel, nor to act as advocate, both having reference to the transaction of business in court ; but the learned Domat (Public Law 615, B. 2, Tit. 6, sec. 1, 1,) furnishes a complete answer to this suggestion. "The first function of an advocate is to give their advice, concerning affairs about which they are consulted ; such as to know, if he who asks counsel, ought to undertake a lawsuit ; if he ought to submit to a demand that is made upon him, or if he ought to defend himself against it ; if he ought to appeal from a sentence, or acquiesce in it ; if he ought to present a request, or petition against a decree, or comply with it ; *how he ought to regulate the dispositions of his testament;* the conditions of a marriage settlement ; of an agreement ; and how he ought to carry himself in other difficulties of a like nature in affairs of all kinds.

"The second function of advocates, is to undertake the defence of cases,

that are put into their hands, if they find them to be just, in order to plead them in the courts, &c.

"The third function of advocates is to draw up the writings, that are necessary for carrying on the cause, in order to establish the pretentions of their clients," &c.

A will, in the very nature of things, is a probate business, which may, indeed, must be, brought into the probate court of the county in which the testator at the time of his death is an inhabitant. It is the foundation of a very large class of cases and questions in the courts of probate. To advise as to the form of a will, or its execution, is to act as counsel and advocate as to that will, and as to a probate business, which may be brought into the probate court of the testator's residence. It seems, therefore, within the terms of the constitutional provision. It is manifestly within the mischiefs intended to be guarded against, the want of entire impartiality in the judge, to whose decision the rights of parties are committed. The due execution of the will, is the first great question for decision in the case of testate estates in the court of probate. The will must be made by a man of sound disposing mind and memory, or it is inoperative. It would not ordinarily be expected that a judge, who at the request of a testator and for a fee paid by him, had drawn his will and superintended its execution, could listen with impartiality to the testimony of witnesses tending to prove that the testator was insane; or that he was induced to make his will in the manner he did, by the undue influence, or persuasions of others; nor is it in human nature to be impartial, when a man is called to consider the question, whether there has been in the case of a will, drawn by him, and executed under his direction, and involving important interests, a failure to comply with some of the requirements of the law, by the omission of which the will must be defeated.

The prohibition of the constitution applies to this case. Its effect is to disqualify the judge to sit in the hearing, or decision upon the proof of such a will. It does not necessarily imply any improper motives, since the practice has been common and without question. None such can be even suspected in the present case.

In some books the rule is laid down, that where the duties of a judge can be legally performed by no other person, he is from the necessity of the case competent to act; but we are unable to assent to this general proposition. The power resulting from necessity, can extend no further than the occasion requires. Whatever is necessary to be done to preserve the rights of parties, may be justified by the necessity; as to order a case to be continued, or transferred to another tribunal; but it can never be necessary for a judge, who is by law disqualified to decide, to assume to determine a case, which the law presumes he may probably decide wrong. *Washington Ins. Co.* v. *Pearce*, 1 Hopk. 1.

In courts like our courts of probate, where an appeal may be taken from any decree, order, or denial, the duty of the judge is to refuse to proceed, in a case where he cannot rightfully decide, and the party, by an appeal, may carry the case to a higher court, where the same disabil-

ities may not exist, and where such decrees may be made as justice to the parties may require.

In a case before a justice of the peace, if he declines to take jurisdiction, or to act in the matter, the case is at an end. *Edwards* v. *Russell*, 21 Wend. 63 ; and the plaintiff must commence his case anew before a justice, against whom no just cause of exception exists, because no appeal can be taken in a justice court, except from a judgment. Rev. St. ch. 175, sec. 6 ; C. S. 442.

No provision is made by our statute for the exercise of jurisdiction by the judge of probate of another county, except in the case where the judge is interested, as heir, or legatee, executor, or administrator, or trustee, or guardian. Rev. St. ch. 152, sec. 10, &c. In these cases " no judge of probate shall act as such, and whatever may be done by a judge so disqualified is merely void." *Low* v. *Rice*, 8 Johns. 409 ; *Clayton* v. *Per Dun*, 13 Johns. 218. No provision is made for other cases of interest, nor for relationship to parties interested, nor any other legal cause of disqualification.

It is contended that the will in the present case, being drawn by the judge of probate, is not merely incapable of proof before him, but it is actually void and incapable of proof any where. The general rule of the of the law is, that what the law forbids to be done, is, when done in violation of law, wholly illegal and void, and no rights can be founded upon it. But it is not easy to apply this rule in a case of this kind, since the invalidity and illegality of the acts done, may be admitted, without necessarily rendering the will drawn or executed afterwards invalid. A judge may be consulted in the most general way, as to the necessity of naming the testator's children, or the appointment of an executor, if the will should have a seal, or how many witnesses it should have ; and if a will should be drawn by the testator, or some other person, agreeably to the advice given, it would be difficult to say, that such will would not be as invalid, as if wholly written by the judge. In either case, if the will be duly executed, it must be held the will of the testator and valid. The draft of a will by whomsoever written, is, until executed, without any force ; it is as void, as if it were so declared by statute. It derives its entire force from its adoption by the testator as his will, and from his executing it in the manner prescribed by law, and we think it cannot be held void, unless the law in terms declares it to be so, or unless it becomes necessary on considerations of public policy, in order to repress a mischievous and dangerous practice.

In the case of *Roby* v. *West*, 4 N. H. 290, it was held that the test, whether a demand connected with an illegal transaction, is capable of being enforced at law, is whether the plaintiff requires any aid from the illegal transaction to establish his case. *Simpson* v. *Bloss*, 7 Taunt. 246. In the present case the will may be established in proof without reference to any illegal acts.

*The demurrers are sustained.* As issues in probate cases are drawn under the direction of the court, we deem it proper to suggest that the issue upon the last plea is so drawn as to refer to the jury a question which must be decided by the court alone. If the indefiniteness and un-

certainty alleged appear upon the face of the will, the course should be to crave oyer of the will, set it out upon the record and aver that it ought not to be proved, because it is void and inoperative by reason of indefiniteness and uncertainty, and a demurrer would properly refer the question to the court.

If the defect grows out of matter of fact not apparent on the face of the will, it should be set out on oyer and the matter of fact alleged so as to afford an opportunity to controvert the fact, or deny the conclusion.